## Texas & Pacific Railway Company et al. v. Eastin & Knox.

### No. 1688. Decided May 15, 1907.

**1.—Removal of Causes—Co-Defendants.**

Where a federal corporation seeks to remove to the Federal Court a suit against it and a resident defendant not entitled to remove, it is necessary, if the petition alleges facts showing its codefendant to be jointly liable with it, to allege, not only that such codefendant was fraudulently joined in the suit in order to prevent a removal, but the facts from which such conclusion of the pleader may be inferred. Eastin & Knox v. Texas & P. Ry. Co., 99 Texas, 654, and Texas & P. Ry. Co. v. Huber, 100 Texas, 1, followed. (Pp. 559, 560.)

**2.—Carrier—Routing Shipment.**

A carrier routing a shipment over lines selected by itself, contrary to the express directions of the shipper, becomes, as in case of deviation from the route contracted for, responsible for any loss or damage in the transit, though occurring on the line and by the negligence of another company. (P. 561.)

**3.—Carrier—Liability Between Connecting Lines.**

A railway which, by routing a shipment contrary to the shipper's direction, has become liable to him for injuries thereto by negligence of a connecting line selected by it, may still recover over against such connecting carrier the amount recovered against it for the default of the other. (P. 562.)

**4.—Principal and Agent—Joint Liability.**

For mere negligence of the agent the principal alone is liable, but for the agent's misfeasance recovery may be had against both. (P. 561.)

**5.—Same—Routing Shipment.**

A railway agent who, having choice of routes to the destination over connections, compelled the shipper, after his cattle were loaded on the train, to accept, over the latter's direction and protest, a contract routing them

over the longer and less desirable route, is jointly liable with his principal for the damages sustained by reason of such longer haul and by the negligence in transportation of the connections selected by him.  (P. 561.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Parker County.

Eastin & Knox sued the Texas & Pacific Railway Company and others and obtained judgment.  Defendants appealed and on affirmance obtained writ of error.

The substance of the briefs of counsel upon the question of the removal of the cause will be found in the previous report of the case, 99 Texas, 654.

*H. C. Shropshire,* for appellant, Texas & Pacific Railway Company.— Where cattle are transported from one State into another over two or more lines of railroad, upon contracts limiting the liability of the initial carrier to such loss and damages only as occurs while the cattle are in its possession and being carried by it over its own line of railroad, such initial carrier is not liable to the shipper for any loss or damage to said cattle arising by reason of the negligent handling of the cattle by any one or more of said connecting carriers.  Gulf, C. & S. F. Ry. Co. v. Baird, 75 Texas, 256; McCarn v. International & G. N. Ry. Co., 84 Texas, 352; Texas & Pac. Ry. Co. v. Adams, 78 Texas, 372; Hunter v. Southern Pac. Ry. Co., 76 Texas, 195; Fort Worth & D. C. Ry. Co. v. Williams, 77 Texas, 121; International & G. N. Ry. Co. v. Thornton, 22 S. W. Rep., 67; Texas & Pac. Ry. Co. v. Hawkins, 30 S. W. Rep., 1113; Gulf, C. & S. F. Ry. Co. v. Crossman, 33 S. W. Rep., 290; Rogers v. Missouri, K. & T. Ry. Co., 28 S. W. Rep., 1024.

A carrier which makes a through shipment under a special contract for a reduced rate of freight is not liable for an injury to the shipment on a connecting line, though it did not choose the through route which the shipper preferred.  Galveston, H. & S. A. Ry. Co. v. Short, 25 S. W. Rep., 142.

Where cattle are tendered for shipment to a point beyond the initial carrier's line, such carrier can not be compelled to accept the cattle to be carried over one route in preference to another, at the shipper's option.  Bessling v. Houston & T. C. Ry. Co., 80 S. W. Rep., 641; Atchison, T. & S. F. Ry. Co. v. Denver & N. O. Ry. Co., 110 U. S., 680; Gulf, C. & S. F. Ry. Co. v. Miami S. S. Co., 86 Fed. Rep., 416; Little Rock & M. Ry. Co. v. St. Louis, I. M. & S. Ry. Co., 41 Fed. Rep., 563; St. Louis Drayage Co. v. Louisville & N. Ry. Co., 65 Fed. Rep., 41; Little Rock & M. R. Ry. Co. v. St. Louis, I. M. & S. Ry. Co., 59 Fed. Rep., 400; Kentucky & I. Bridge Co. v. Louisville & N. Ry. Co., 37 Fed. Rep., 567; Post v. Southern Ry. Co., 52 S. W. Rep., 306.

Where, at the time of a parol contract between a shipper of live stock and the carrier, the shipper expects to sign a written contract, and he subsequently does so, he is not in a position to avoid the force of provisions in the written contract limiting the liability of the carrier to damages occurring on its own line.  Chicago, R. I. & T. Ry. Co. v. Halsell, 81 S. W. Rep., 1243; Fort Worth & D. C. Ry. Co. v. Wright,

24 Texas Civ. App., 292; Texas & Pac. Ry. Co. v. Byers, 73 S. W. Rep., 427; Texas Mexican Ry. Co. v. Gallagher, 70 S. W. Rep., 97.

Duress to invalidate a contract must destroy the voluntary character of the transaction. Anderson v. Anderson, 100 N. W. Rep., 829; Zuccarello v. Randolph, 58 S. W. Rep., 453; Palmer v. Bosley, 62 S. W. Rep., 195; Dausch v. Crane, 19 S. W. Rep., 63; Morgan v. Joy, 26 S. W. Rep., 670.

*C. H. Yoakum. West, Chapman & West,* and *Theodore Mack,* for plaintiff in error, St. Louis & San Francisco Railway Company.—While a common carrier owes the duty to a shipper to use reasonable diligence and ordinary care in transporting cattle, still one common carrier does not owe such duty to another common carrier, which is merely a connecting line.

*H. C. Shropshire,* for plaintiff in error Tucker.—When a person acts as agent of a known principal and within the scope of his authority, his acts and contracts are those of the principal and involve no personal liability on his part. Hudson v. Compere, 61 S. W. Rep., 389; Whitney v. Wyman, 101 U. S., 392; Behman v. Feld, 37 Fed. Rep., 852; Bradford v. Eastburn, 2 Wash. (U. S.), 219; Westinghouse Elec. and Mfg. Co. v. Insurance Co., 129 Fed. Rep., 213; McDougal v. Travis, 24 Hun (N. Y.), 590; Pease v. Francis, 55 Atl. Rep., 686; Hayman Co. v. Knepper, 88 N. Y. Supp., 930; Steinhauser v. Spraul, 28 S. W. Rep., 624; Am. and Eng. Ency. Law (2d ed.), 1119; Shearm & Redf. on Negligence, 111; Cooley on Torts, pp. 140-1.

*Thos. D. Sporer,* for defendants in error.—Appellees did not sue on the printed written contract, but they alleged and proved that said printed contracts were entered into under duress. San Antonio & A. P. Ry. Co. v. Stribling, 86 S. W. Rep., 374; Missouri, K. & T. Ry. Co. v. Carter, 29 S. W. Rep., 565; Texas & Pac. Ry. Co. v. Avery, 49 S. W. Rep., 897; Texas & Pac. Ry. Co. v. Birchfield, 46 S. W. Rep., 900; San Antonio & A. P. Ry. Co. v. Wright, 49 S. W. Rep., 147; Missouri, K. & T. Ry. Co. v. Withers, 40 S. W. Rep., 1073.

It was the duty of said appellants under the statute to receive and ship said cattle according the appellees' directions. 3 U. S. Compiled Stats., p. 3155, sec. 3, p. 3159, secs. 7, 8, 9; Texas Rev. Stats., art. 4496.

Their refusal to do so was willful and without excuse. San Antonio & A. P. Ry. Co. v. Stribling, 86 S. W. Rep., 374; Newland v. Northern Pac. Ry. Co., 6 Interstate Com. Com., 131-143; Hill v. N. C. & St. L. R. Co., 6 Interstate Com. Com., 343, 490; Colorado Fuel and Iron Co. v. Southern Pac. Ry. Co., 6 Interstate Com. Com.; Pankey v. Richmond & Daniel R. Co., 3 Interstate Com. Com., 33; Consolidated Forwdg. Co. v. Southern Pac. Ry. Co., 9 Interstate Com. Com., 204; Gulf, C. & S. F. Ry. Co. v. Irvine & Wood, 73 S. W. Rep., 540; Wells, Fargo Ex. Co. v. Fuller, 35 S. W. Rep., 824; 6 Cyc., 485.

Thereby they rendered themselves liable for all damages that occurred to the cattle. 3 U. S. Comp. Stats., p. 3155, sec. 3, p. 3159, secs. 7, 8, 9; Pond Decker Lumber Co. v. Spencer, 30 C. C. A., 430; San Antonio & A. P. Ry. Co. v. Stribling, 86 S. W. Rep., 374; Western U. Tel. Co. v. Turner, 94 Texas, 304; Gulf, C. & S. F. Ry. Co. v. Irvine & Wood, 73 S. W. Rep., 540; Selma & M. R. R. Co. v. Butts, 94 Am. Dec., 694;

Johnson v. New York Cent. Trans. Co., 33 N. Y., 610, 88 Am. Dec., 416.

When an agent willfully misleads a third person who is doing business with him as an agent, and is guilty of misrepresentations in order to accomplish something for his principal, he is liable therefor to the party whom he misleads and to whom he makes the misrepresentations, and can not escape liability by showing that he acted in the capacity of an agent. 1 Am. and Eng. Ency. of Law, 1135 (2); Note 48, Am. St. Rep., 920; 1 Am. and Eng. Ency. Law, 1132, 1135; Kenney v. Lane, 36 S. W. Rep., 1063; Martin v. Louisville & N. Ry. Co., 95 Ky., 612; Cooley on Torts, 141; Chesapeake & O. Ry. Co. v. Dixon, 179 U. S., 131.

GAINES, CHIEF JUSTICE.—This case was before us at the last term of this court and our determination of the point then presented is reported in the 99 Texas on page 654. The Court of Civil Appeals had held, that the petition for a removal of the case to the Circuit Court of the United States was good, and that it deprived the State Court of jurisdiction of the controversy and therefore declined to proceed further in determining the questions raised on the appeal. Being of the opinion that the Court of Civil Appeals erred in their ruling on the point, we reversed the judgment and remanded the case to that court for their action upon the other errors assigned. Having considered the case after the remand, that court approved the conclusions of fact and law of the trial court and affirmed the judgment.

Our former opinion gives a partial statement of the case, and so much as is there stated will not here be repeated. The defendant, the Texas & Pacific Railway Company, made the St. Louis & San Francisco Railway Company a party to the suit and impleaded it; praying that in the event the plaintiffs recovered against it, the Texas & Pacific Railway Company, for the damages, that accrued on the line of the St. Louis & San Francisco Railway Company, it have a recovery over against the latter for the amount. The case was tried before the court without a jury and resulted in a judgment against both the original defendants for $3,600 and a judgment in favor of the Texas & Pacific Railway Company against the St. Louis & San Francisco Railway Company for one half of that amount. All parties against whom judgment was rendered appealed to the Court of Civil Appeals and each of them has applied to this court for a writ of error, which has been granted.

The first assignment of error in the application of the Texas & Pacific Railway Company is to the effect, that the court erred in retaining jurisdiction of the cause after the petition and bond for removal were filed. This question was considered and decided by us at the last term of this court adversely to the railroad company. In the opinion then rendered (Eastin & Knox v. Texas & Pac. Ry. Co., 99 Texas), we followed the decision made on the same day in the case of the same company against Huber (100 Texas, 1), in which the same question was involved and was more fully discussed. We adhere to our former conclusion upon this question.

Upon this point we will, however, add that we have carefully examined the report of the case of Wecker v. The National Enameling and

Stamping Company (204 U. S., 176), decided since our former opinion was written, and find nothing in it contrary to our views as therein expressed. In that case Wecker brought suit in a court in the State of Missouri against the enameling company, a nonresident corporation, Harry Schenck, also a nonresident, and George Wettengel, who resided in the State where the suit was brought. The plaintiff sued to recover damages for personal injuries and alleged a state of facts which showed a joint cause of action against all the defendants. The defendant company filed in the State Court a petition for a removal of the cause to the Circuit Court of the United States in which, among other grounds, it claimed that Wettengel was fraudulently made a joint defendant for the purpose of preventing the removal of the cause and specifically alleged facts which, if true, showed that there was no liability on his part. The record having been filed in the Circuit Court of the United States, the issue thus made was tried, and the court found, that the facts stated in the application for a removal of the cause were true and that the plaintiff's allegations to show the joint liability of Wettengel were fraudulent and therefore retained jurisdiction of the cause. A writ of error was sued out and the case brought to the Circuit Court of Appeals of the United States, which court certified the question to the Supreme Court of the United States. That court held that the Circuit Court did not err in refusing to remand the cause to the State Court; and placed their decision upon the ground—as we understand the opinion—that the petition for removal alleged facts which showed that Wettengel was not a proper party defendant and that he was fraudulently joined as such. It is clear that the Supreme Court of the United States in the case discussed, did not hold that it was sufficient in such a case to support a petition for removal to allege merely that the joinder of the party was fraudulent, without allegations of facts from which that conclusion could be drawn. For the reason that the opinion elaborates the facts alleged in the petition and the conclusion of the court, that the facts were established upon the hearing of the issue, it seems to us that it is but a reasonable deduction that the court regarded both the allegation and the proof as necessary to secure a removal.

The case having been tried without a jury the trial judge found, in substance, that the plaintiffs applied to defendant Tucker, as agent of the defendant, the Texas & Pacific Railway Company, for cars to ship their cattle to Tulsa in the Indian Territory and informed him that they desired to ship the cattle to Fort Worth, Texas, and thence over the St. Louis & San Francisco Railway Company to their destination; that the cattle were brought to the depot and after most of them were loaded on the cars, the agent, Tucker, presented to Eastin, one of the plaintiffs, who was in charge of the business for the firm, live stock contracts for shipping the cattle to Paris, Texas, and thence over the line of the St. Louis & San Francisco Railway Company to their destination; that Eastin objected to the shipment by that route, and that he was then told by the agent that he could not route the cattle to Tulsa any other way except by Paris; and that, in order to get their cattle shipped, Eastin signed the contracts. It was also found that the contracts were signed against the will of plaintiff for the reason that it was necessary that the cattle should be shipped and it was believed that

there was no other route by which they could be sent except by way of Paris. It was further found that there were two other routes by which the cattle might have been transported to Tulsa over the St. Louis & San Francisco Railway Company's lines, one by way of Fort Worth and the other by way of Sherman, each of which was about 290 miles in length, which was about one-half the distance via Paris, and that the defendant had an arrangement with its connecting line for a through shipment by way of Sherman; but that the plaintiffs did not know this fact. The court further found, that the cattle were damaged both by reason of their longer detention on the cars growing out of the longer transit and by the negligence of the connecting carrier, after the cattle were delivered to it. In its conclusions of law the court held, that the written contracts were obtained by duress and were therefore invalid, and that the Texas & Pacific Railway Company and Tucker, its agent, were responsible to the plaintiffs for the damages.

It is elementary law that if a carrier deviates from the route fixed by his contract, he becomes responsible for all loss, which occurs either on his own or his connecting lines. By the deviation he becomes an insurer of the goods. It is also settled that when goods are delivered to a carrier for transportation to a designated point, it is his duty as a general rule to transport them by the safest and most direct route. If instructed as to the route he selects a different one, he becomes responsible for any loss that may occur in transit. (Express Co. v. Kountze Bros., 8 Wall., 342.) In the case cited the court say: "If this testimony be true, it is hard to conceive a grosser case of negligence, for here were two routes—the one safe and the other hazardous—and yet the express company, in defiance of the wishes of the owner of the property, reject the safe, and adopt the hazardous route." If a carrier becomes liable for all losses by a mere deviation from the route contracted for, for a stronger reason he should be held liable for all losses, when shipped over a route contrary to the express instruction of the shipper.

The numerous assignments of error of the Texas & Pacific Railway Company upon the merits are mainly directed to the findings of fact of the trial judge. In some instances it is claimed that facts found are not alleged and in others that they are not supported by the evidence. As to all these we deem it sufficient to say, that there is enough alleged and enough proved as alleged to show the liability of that company. It is also assigned on behalf of that company that the court erred in holding it responsible for the negligence of the St. Louis & San Francisco Railway Company. As already intimated, we are of opinion, that by refusing to ship the cattle as directed by the plaintiff, the Texas & Pacific Railway Company became responsible for all damages which accrued from the shipment.

In regard to the assignments of plaintiff in error, Tucker, we think, that in routing the cattle by way of Paris, contrary to the directions of the shipper, he was guilty of misfeasance—and not simply of nonfeasance, and is therefore liable for the loss. This matter was discussed in our former opinion.

In the application for the writ of error of the St. Louis & San Fran-

cisco Railway Company, no complaint is made of the manner in which it was brought into the case. The only error specified is that the court erred in rendering judgment in favor of the Texas & Pacific Railway Company against it for the damages which occurred on its line. The St. Louis & San Francisco Railway Company were responsible to the plaintiffs for all damages which accrued to their cattle by reason of its negligence while in its hands—notwithstanding the liability of the initial carrier for the same loss. The Texas & Pacific Railway Company having become the insurer of the cattle after they were delivered to its connecting carrier—when it was adjudged to pay for the negligence of the latter, it was subrogated to the right of the plaintiffs and had the right to be reimbursed for what it was required to pay on account of the negligent conduct of the St. Louis & San Francisco Railway Company.

We find no error in the judgment and it is affirmed.