**TEXAS & N. O. R. CO. et al. v. DRAHN et al.**

(Court of Civil Appeals of Texas. Ft. Worth. April 19, 1913.)

**1. APPEAL AND ERROR (§ 1068*) — HARMLESS ERROR—INSTRUCTIONS.**

An instruction giving a definition of ordinary care the very reverse of the law, if not harmless because of the error being so obvious that it could not have misled, could not have prejudiced defendant; the evidence authorizing an instructed verdict against it on the issue of liability.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

**2. CARRIERS (§ 228*) — INJURY TO STOCK SHIPMENT—NEGLIGENCE—PRESUMPTION.**

The pleading and evidence showing a contract of through shipment of live stock, a delivery thereof in uninjured condition, and redelivery at destination with many thereof dead and others severely injured, and that no one accompanied the stock for the shipper, a presumption of negligence arises which becomes conclusive in the absence of any explanation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

**3. CARRIERS (§ 215*)—INJURY TO LIVE SHIPMENT—LIABILITY.**

Carriers of live stock, as of other freight, are liable absolutely for loss of, or injury to, stock intrusted to them for transportation, unless occasioned by act of God, the public enemy, negligence of the shipper, or the natural propensities of the animals.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 923; Dec. Dig. § 215.*]

**4. CARRIERS (§ 228*)—INJURY TO SHIPMENT—CAUSE—BURDEN OF PROOF.**

The carrier has the burden of pleading and proving that the cause of loss of, or injury to, a shipment of cattle was. something for which it was not liable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

**5. CARRIERS (§ 204*)—LIVE STOCK SHIPMENT—CONTRACT—STATUTES.**

Rev. Civ. St. 1911, art. 731, declaring the contract of a carrier with a shipper of commodities, "freight, baggage, or other property," to be "for the safe and speedy" transportation

from point of shipment to destination, applies to live stock shipments as well as others.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 927; Dec. Dig. § 204.*]

6. CARRIERS (§ 228*)—LIVE STOCK SHIPMENT —CONTRIBUTORY NEGLIGENCE—FAILURE TO ACCOMPANY STOCK.

In the absence of evidence raising that issue, the shipper of live stock is not to be deemed guilty of contributory negligence in not accompanying his stock.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

Appeal from Denton County Court; S. H. Hopkins, Judge.

Action by J. F. Drahn and others against the Texas & New Orleans Railroad Company and another. Judgment for plaintiff, and said defendant appeals. Affirmed.

Head, Smith, Hare, Maxey & Head, of Sherman, and L. J. Polk, Jr., of Brownsville, for appellant. J. A. Templeton, of Ft. Worth, for appellee.

SPEER, J. This is an ordinary action for damages to a shipment of cattle made by J. F. Drahn and Edgar Kerr over the lines of the Texas & New Orleans Railroad Company and the Texas & Pacific Railway Company, the former handling the shipment from Beaumont to Dallas and the latter from Dallas to Ft. Worth. There was a verdict and judgment in favor of the plaintiff against the initial carrier for $270.80 and against the terminal carrier for $54 and the former has appealed.

[1, 2] The court's definition of ordinary care as "the doing of something which an ordinarily prudent person would not do or the failure to do something which an ordinary prudent person would do" obviously is wrong and the very reverse of the law; but to the mind of the majority the error is so obvious that it is altogether improbable that the jury were affected by it. Whether this view be correct or not, we all agree under the facts the trial court would have been authorized to instruct a verdict upon the issue of liability and the error at most could not affect this issue. The pleading and evidence show a contract for through shipment, a delivery of the cattle in an uninjured condition, and a redelivery at final destination with many of the animals dead and the others severely injured. No one accompanied the cattle for the shipper. Under these circumstances there arises a presumption of negligence on the part of the carrier which, in the absence of any explanation whatever, becomes conclusive. F. W. & D. C. Ry. Co. v. Shanley, 36 Tex. Civ. App. 291, 81 S. W. 1014, and authorities there cited. So that if in every shipping case where live stock are involved negligence must be shown the rule is met in this case.

[3, 4] But it is by no means clear that a shipper must prove negligence where his live stock are either not redelivered to him at all, or are redelivered in an injured condition. On the contrary, "carriers of live stock are liable absolutely for loss or injury to stock intrusted to them for transportation like other common carriers, unless the loss or injuries were occasioned by the act of God, or the public enemy, or the negligence of the shipper, except that they are not liable for loss or injuries caused by the 'proper vice' or natural propensities of the animals themselves, and not by negligence on the part of the carriers" (Gal. S. & H. Ry. Co. v. Powers, 54 Tex. Civ. App. 168, 117 S. W. 459; 6 Cyc. pp. 376–381), and that the injuries were thus produced the burden is upon the shipper both to plead and to prove. F. W. & D. C. Ry. Co. v. Greathouse, 82 Tex. 111, 17 S. W. 834. Tested by either rule the appellant is liable in the present case since no excuse for the loss and injuries was shown.

[5] From this last it would follow that the requested charge instructing the jury that the shipper was bound to use only ordinary care in handling and transporting the cattle was not the law. The contract of a common carrier with the shipper of commodities (article 731, Revised Statutes 1911) is "for the safe and speedy" transportation thereof from point of shipment to destination, not for the exercise of ordinary care to deliver the property. The statute defining the liability of common carriers contemplates live stock as well as dead freight; the language being "freight, baggage, or other property."

[6] There is nothing in the evidence to raise the issue that appellee was guilty of contributory negligence in not accompanying his cattle and the sixth special instruction was, therefore, properly refused.

We have examined the evidence and hold it to be sufficient to support the verdict rendered and the judgment is, therefore, affirmed.