der such circumstances there is no question presented we can review.

It is further made to appear that while the court was in session, appellant, instead of entering into a recognizance, gave an appeal bond and was released from custody. Consequently, the state's motion to dismiss the appeal must be sustained.

The appeal is dismissed.

---

SAN ANTONIO & A. P. RY. CO. v. JACKSON & ALLEN. (No. 5688.)

(Court of Civil Appeals of Texas. San Antonio. June 7, 1916. Rehearing Denied June 21, 1916.)

1. CARRIERS ⬅228(3) — CARRIAGE OF LIVE STOCK—ACTION—EVIDENCE—LIMITATION OF LIABILITY.

Under the provisions of Vernon's Sayles' Ann. Civ. St. 1914, arts. 708, 731, fixing the liability of carriers as it exists at common law, and making void any special agreement to the contrary, all portions of a shipping contract relating to the reciprocal rights and duties of the parties are inadmissible in an action for damages to shipment of live stock.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 960; Dec. Dig. 228(3).]

2. CARRIERS ⬅228(1) — CARRIAGE OF LIVE STOCK—ACTION—PRESUMPTION.

Where a carrier accepts uninjured cattle for shipment and delivers them injured, its negligence is presumed.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957, 958; Dec. Dig. ⬅228(1).]

3. CARRIERS ⬅228(5) — CARRIAGE OF LIVE STOCK—ACTION—PRESUMPTION.

In such case nonliability of the carrier because of negligence of the shipper was not established by mere proof that the cattle when shipped were securely tied by the shipper, and while in the exclusive charge of the carrier became untied, since this did not show negligence of shipper, and, if it had, there was no proof that such negligence caused the damage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 960; Dec. Dig. ⬅228(5).]

Appeal from Caldwell County Court; J. T. Ellis, Judge.

Action by Jackson & Allen against the San Antonio & Aransas Pass Railway Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Boyle & Storey, of San Antonio, and Jeffrey, Jeffrey & Fielder, of Lockhart, for appellant. A. E. Holland, of Luling, for appellees.

SWEARINGEN, J. On October 31, 1914, appellees filed a petition against appellant, alleging substantially that appellant was a common carrier for hire, and that on the 13th day of March, 1914, appellees intrusted to appellant 36 head of cattle for transportation from Luling, Tex., to Ft. Worth, Tex.; that the cattle were in good and merchantable condition when delivered to and accepted by appellant; that through the negligence of appellant the cattle were injured and some of them killed before redelivery to appellees at destination, causing appellees damage in the sum of $241.

Appellant denied that it transported the cattle; denied that it negligently handled the cattle, but averred that it transported the cattle with care and prudence, and averred that the cattle were received by it, and that it transported them under a written contract between it and appellees, and that this contract prescribed the respective duties, rights, liabilities, and obligations of both appellees and appellant in regard to transportation of the cattle; that appellees failed to load and care for said cattle while in transit, which failure was the proximate cause of the injury; that appellees failed to securely fasten said cattle in the car while in transit and this caused the injury; that this shipment was a mixed car of live stock, and that circular No. 4442, adopted by the Railroad Commission, made it the duty of the appellant to require the appellees to securely tie each bull; that appellees did not tie the bulls securely and this caused the injury; that appellees assumed all risks of transporting the cattle which resulted from proper vices, natural propensities, and inherent natures of the cattle. Further, appellant answered that it was the duty of appellees to securely tie the bulls shipped; that appellees attempted to tie the bulls securely, but that the bulls got loose from their fastenings; and that it was appellees' failure to securely tie the bulls that caused the damage.

In the first supplemental answer appellant avers that the car contained dangerous and vicious animals which were not properly or securely tied, and that the injuries and damages were caused by appellees' failure to securely tie the bulls, which by their vicious acts and natural propensities caused all the damage.

Special issues were submitted to and answered by the jury. The trial court rendered judgment in accordance with the jury's answer against appellant for $205.76.

The facts are that 36 head of mixed cattle, including bulls and cows, were delivered to appellant at Luling for transportation to Ft. Worth. They were in good condition when loaded. Appellees tied the bulls securely in the car as required by that agent of appellant, whose duty it was to inspect the loading and tying. The cattle, as loaded and tied, were accepted by appellant and transported. Upon redelivery at destination several cows were dead and others crippled. At Yoakum, an intermediate point, the agents of appellant discovered that the bulls were loose, five cows were down, three of them dead, and two of them died a few hours later. The bulls were riding the cows. Appellees did not accompany the shipment.

[1] The first error assigned is that the trial court erred in excluding from the jury that portion of the contract relating to the recipro-

cal rights, duties, obligations, and liabilities of appellant and appellees in their capacities as common carrier and shippers, respectively. The court offered to admit all other portions of the contract, which appellant declined. The court very properly excluded the contract; for the statute, and not contracts, fixes the liability of carriers as it exists at common law. Any contract which limits or restricts this liability is invalid. This has been the law since 1863. Paschal's Digest contains the statute. . P. D. 452. It is now, and has been continuously, the law of Texas. Many decisions have construed the statute and announced such to be the law so clearly and unequivocally that none should mistake it. Railway v. Trawick, 68 Tex. 314, 4 S. W. 567, 2 Am. St. Rep. 494; Railway v. Harris, 67 Tex. 166, 2 S. W. 574; Vernon's Sayles' Civ. Stat. art. 708; Vernon's Sayles' Civ. Stat. art. 731. The first assignment is overruled.

[2] Appellant's second assignment urges that the court erred in refusing to peremptorily instruct the jury, for the reason, as appears in its propositions, that appellees failed to prove the alleged negligence of appellant. The court should not have given the peremptory instruction. The appellant is liable as an insurer, even though no negligence is affirmatively shown. Negligence of the carrier under the facts as alleged and proven in this case will be presumed. Railway v. Powers, 117 S. W. 459, and many cases cited on page 461; Railway v. Drahn, 157 S. W. 282. Appellant's counsel in their brief emphatically state that:

"The whole question in this case (the case at bar) is whether plaintiffs (appellees) are required to prove their allegations of negligence." (Appellant's Brief, p. 13.)

The statement is correct, and the question has been positively decided against appellant time and time again. See the Powers and Drahn Cases, above cited, the many cases cited therein. and the many cases citing them.

[3] By the third assignment appellant announces the strange doctrine that because the jury found the bulls were securely tied by the shipper when accepted by the carrier, but were not tied hours later while in the exclusive care of the carrier, and because the jury said it did not know how the bulls became untied, therefore the court should have entered judgment for the defendant. The only escape from liability by appellant, after accepting the cattle for transportation, was to prove affirmatively that the injury was due to the negligence of the shipper, which permitted the bulls by their viciousness to inflict the injury. That the bulls got loose after being tied does not of itself prove negligence of the shipper. Neither does the fact that the jury did not know how the bulls got loose. To help appellant, the jury must have found that the bulls got loose through the negligence of the shipper. Then, again, even if the bulls got loose through the negligence

of the shipper, it was further necessary for the jury to find specially in the affirmative this issue: Was the injury caused by viciousness of the bulls? This issue was not submitted to the jury by the court in its main charge. Appellant did not object to the main charge. Appellant requested special issues, all of which were given, but this issue was not requested. It must therefore be considered by this court that appellant waived the submission of that issue, and that the court found upon it adversely to appellant; in other words, we must consider that the court properly found that the cattle were not injured by the viciousness of the bulls. The evidence warranted such a finding. Vernon's Sayles' Stats. art. 1985. The third assignment is overruled.

The fourth, fifth, sixth, and seventh assignments present arguments upon the evidence which were probably appropriate and pertinent arguments for the jury and were no doubt unavailingly made to it. However, if relevant even in a discussion to the jury, they present no question that would authorize this court to reverse the judgment herein. The fourth, fifth, sixth, and seventh assignments are accordingly overruled.

Appellant's eighth assignment complains that the jury had no evidence upon which to find that appellant handled the shipment involved herein carelessly and negligently.

Under the facts of this case, it was not even necessary for the jury to have that or a similar issue submitted to them, as it was unnecessary to prove specifically negligence. The court was authorized, under the facts of this case, to presume negligence on the part of appellant. However, the issue was submitted with the consent of appellant, and it therefore waived the objection that there was no evidence to warrant the submission of the issue. There was no error in the trial court presented in the assignment.

The judgment of the trial court is affirmed.

