QUEEN INS. CO. et al. v. GALVESTON, H.
& S. A. RY. CO. et al.   (No. 1069-4801.)

Commission of Appeals of Texas, Section A.
March 7, 1928.

Insurance ☞606(1)—Insurer permitting judg-
ment against insured in favor of railroad to
become final cannot recover from railroad on
subrogation theory.

·    Where owner of property sued railroad and
insurer for injury to goods in transit, insurer's
permitting judgment finding railroad not liable
to insured to become final in consequence of
lack of appeal precluded insurer's recovering
from railroad on subrogation theory.

Error to Court of Civil Appeals of First
Supreme Judicial District.

On rehearing.   Judgment of Court of Civil
Appeals affirmed.

For former opinion, see 296 S. W. 484.

Thompson, Knight, Baker & Harris, Locke,
Locke, Stroud & Randolph, Geo. S. Wright,
and Ralph Randolph, all of Dallas, for plain-
tiffs in error.

Boyle, Ezell & Grover, of San Antonio, and
Baker, Botts, Parker & Garwood, of Houston,
for defendants in error.

NICKELS, J.   Some history of the case is
shown in the opinion of the Court of Civil
Appeals, 290 S. W. 286.   Writ of error was
allowed the insurance companies; thereupon
the case was submitted to Commission of Ap-
peals, Section B; and that body recommended
affirmance.   Thereupon the judgment was af-
firmed.   296 S. W. 484.   Motion for rehear-
ing was filed by the insurance companies.   All
previous orders were revoked by the Supreme
Court, and the case was referred to this sec-
tion of the commission.

We believe right disposition was given the
case by the Court of Civil Appeals—as pre-
viously held by the Commission, Section B —
and the reasons which impel that belief will
be stated.

The insured brought suit upon his policies
against the insurance companies and, alter-
natively, against the railroad companies up-
on their carrier liabilities of safe delivery,
etc.   The insurance companies defended
against the insurer and became actors against
the railroad companies seeking judgment over
for whatever amounts the insured might re-
cover—this upon conventional subrogation
(within terms of the policies) as, also, upon
that subrogation which arises per law and
equity on facts.

Judgment was rendered (a) for the insured
against the insurers for the amounts of the
policies, etc.; (b) for the railroad companies
against insured and insurers.   The insured
did not appeal; nor did the insurers bring
or attempt to bring up on appeal the case as
intimate to the insured and the railroad com-
panies in the name or right of the insured, or
otherwise than indirectly and upon their as-
serted rights of subrogation.   In the tran-
script are included papers, executed after ren-
dition of the judgment, showing that the in-
surance companies satisfied the judgment
and took assignment of rights (against the
railroad companies) from the insured.

The judgment as between the insured and
the railroad companies, in consequence of
lack of appeal, became and remains final.   In
it, and within the issues made by the plead-
ings, there is adjudication against any right
in the insured at any time against those com-
panies.

Existence (despite final judgment to the
contrary) of a right in the insured is the pre-
supposition of the insurers' claims, for sub-
rogation without a subject-matter (or a claim
to succession to nonexistent rights of anoth-
er) would be a most curious thing.   The in-
surance companies, so far as we can perceive
(in this record), have to recover, if at all, in
the right of the insured (Spring Garden Ins.
Co. v. I. & G. N. Ry. Co. [Tex. Civ. App.] 131
S. W. 1147, 1151, 1152; 26 C. J. 457) and
as noted, there is final adjudication against
subject-matter for the subrogative assign-
ment.   We do not have a case of liquidation
of policies and subsequent suit by the insurer
against third persons causing the loss (as in
Houston Direct Navigation Co. v. Insurance
Company of North America [Tex. Civ. App.]
31 S. W. 560, or in Liverpool, etc., Co. v.
Phenix Ins. Co., 129 U. S. 464, 9 S. Ct. 480, 32
L. Ed. 800), or of suit brought in behalf of the
insurer but in name of the insured, or yet
that of a recovery against one of two or more
joint tort-feasors or defendants in privity of
contract (from the standpoint of the obligee
or inter sese), as in Texas, etc., Ry. Co. v.
Eastin, 100 Tex. 556, 102 S. W. 105.   But the
case which we do have is one wherein a de-
fendant (after contest) has been held liable
to the plaintiff (who suffers a judgment in
favor of the other defendant to become final)
and wherein the losing defendant now seeks
to hold his codefendant on the mere (and non-
allowable) assumption that in truth (despite
that part of the judgment which has become
final) that codefendant ought indemnify the
plaintiff.

Hartford Fire Ins. Co. v. Triplett (Tex. Civ.
App.) 223 S. W. 305, is a case wherein the in-
sured sought recovery against the insurer
and against a carrier (for negligence), with
a plea for judgment over by the insurer, and
wherein recovery was given against the in-
surer and denied against the railroad com-
pany.   The judgment was rendered upon a
verdict instructed in behalf of the insured
as against the insurer, and in behalf of the
railroad company as against the insured and
insurer.   All original parties were parties
on appeal, and in that situation the cause was

remanded so as to allow, inter alia, the insurer the opportunity to prove, if it could, (and to have the jury pass upon the question of) the railroad company's negligence. As is manifest, the matter of the rights of all parties was kept open by the appeal in that case, whereas here only supposed rights and obligations as between the insurer and third party (claimed to have caused the loss) were brought up.

In our opinion, there is no relief grantable, even though it be true that liability in behalf of the insured and against the railway companies ought have been established. Because of that view we have not considered the questions attempted to be raised about the carrier's responsibility to the property owner.

Accordingly, we recommend affirmance of the judgment of the Court of Civil Appeals.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.