## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. WEATHERSBEE. (No. 7405.)

Court of Civil Appeals of Texas. Austin.
Dec. 4, 1929.

D. A. Landman, of Athens, and Richard & A. P. Mays, of Corsicana, for appellant.

Bishop & Holland, of Athens, for appellee.

BLAIR, J. Appellee sued appellant for damages resulting to a carload of cattle transported by appellant from Chandler, Tex., to Malakoff, Tex., a distance of 35 miles. Appellee alleged that the cattle were delivered to appellant at Chandler in good condition, and received at Malakoff in an injured condition, and further that:

"Plaintiff would show that in transporting said cattle the defendant negligently jerked, shoved and switched the car in which they were being transported in such a violent manner as to cause the cattle to be thrown against the ends and sides of said car, thereby bruising and skinning them and caused some of said cattle to have their hips dislocated and knocked down, and their horns slipped and knocked off; that such negligent jerking, shoving and switching caused a number of said cattle to be thrown down on the floor of said car and received the injuries herein complained of; and that such injuries were proximately caused by the negligence of defendant herein alleged."

A jury trial on special issues resulted in a verdict and judgment for appellee for $345; hence this appeal.

Appellant attacks the judgment for insuffi-

ciency of the evidence to sustain the jury's findings of negligence. Specifically, it claims that the above pleadings constitute allegations of specific negligence, which appellee was required to prove, and could not fall back on the general doctrine that a carrier must account for the poor condition of cattle delivered which it received in good condition for shipment. We do not sustain the contention for two reasons:

(1) Because the following authorities hold that allegations similar to the ones above quoted simply allege generally rough handling of cattle, in that they do not charge any specific act of rough handling at any specific point along the route, but, on the contrary, allege generally rough handling of the cattle while in transit. Tex. Mex. Ry. Co. v. Canales (Tex. Civ. App.) 299 S. W. 668; S. A. A. & P. Ry. Co. v. Jackson & Allen (Tex. Civ. App.) 187 S. W. 488; T. & N. O. Ry. Co. v. Drahn (Tex. Civ. App.) 157 S. W. 282; Galveston, H. & S. A. Ry. Co. v. Powers, 54 Tex. Civ. App. 168, 117 S. W. 459.

(2) But, should it be held that specific acts of negligence are alleged, then the evidence is sufficient from which the jury might find the appellant guilty of the negligence charged. These cattle, 50 in number, were shipped from Chandler, Tex., to Malakoff. When they reached Athens, 25 miles from Chandler, 3 of them were dead, and 10 or 12 down in the car. They were unloaded, and the dead cattle removed from the car. The testimony shows that the train in which the cattle were transported switched at Brownsboro, Murchison, Athens, and Tredaway before reaching Malakoff. A car placed in a train next to the engine is least susceptible of jerks and shoves. The car in question was placed in the middle of the train, where the most severe jerks and shoves occurred when switching is being done, and remained there until it reached Athens. After the car had been unloaded and the dead cattle removed, the balance were reloaded and placed next to the engine for the remainder of the journey.

At Athens one of the cattle had a hip knocked down, and died on the day following its delivery at Malakoff. Others were shown to be bruised and skinned, and some of them with horns knocked off; and four additional died a few days after reaching Malakoff. The cattle were shown to have been in good condition when received for shipment, and delivered in the condition above detailed. From this evidence the jury could have reasonably found appellant negligent as charged.

We do not sustain appellant's proposition that a judgment for $345 is excessive. The evidence shows that the 3 cattle found dead in the car at Athens, Tex., had a market value of $175 at Malakoff, that the one that died the day following had a market value of $50, and that the difference in the reasonable market value had the remainder been delivered in the condition in which they should have been delivered and in the condition when delivered was $10 per head. The testimony would have sustained a larger verdict than that rendered by the jury, and same is not excessive.

The court charged the jury to answer each of the special issues or questions submitted by a preponderance of the evidence, and appellant's contention that the court erred "in failing and refusing to place the burden of proof upon the plaintiff to prove the affirmative of questions 3, 4, and 5 submitted to the jury, by a preponderance of the evidence," is not well taken; nor is appellant's contention that the court's instruction to the jury that "in this case the issues of fact are submitted to you in the form of questions which you will answer as you find and determine from the preponderance of the evidence" is a general charge. The instruction merely places the burden upon appellee to prove each question submitted by a preponderance of the evidence.

Appellant's several other propositions are without merit, and are overruled, and the judgment of the trial court is affirmed,

Affirmed.