ST. LOUIS, B. & M. RY. CO. et al. v. MURRAY.

No. 7605.

Court of Civil Appeals of Texas. Austin.

May 13, 1931.

Rehearing Denied June 3, 1931.

Baker, Botts, Parker & Garwood, Andrews, Streetman, Logue & Mobley, and Arterbury & Coolidge, all of Houston, for appellants.

C. A. Wright, of Fort Worth, for appellee.

BAUGH, J.

Suit by Murray against the St. Louis Brownsville & Mexico Railway Company and the G. H. & S. A. Ry. Company for damages to a shipment of a carload of horses and mules from Bishop, Tex., to Eagle Lake, Tex., in September, 1925. The shipment was originally billed to Wharton, Tex., and diverted to Eagle Lake while enroute. Upon special issue findings of the jury, judgment was rendered for appellee for $405 and interest, from which the railway companies have appealed.

The issues submitted to and found by the jury were: (1) That the stock, except as to admitted injuries to two head, were in good condition when delivered to the carrier at point of origin; (2) that they were injured when delivered at destination; (3) that such injuries were not due solely to the inherent vices or natural propensities of the animals themselves; and (4) the amount of damages.

Appellants' first contention is that plaintiff's pleadings alleged specific grounds of negligence of the defendants in transporting said live stock; that he must establish such negligent acts by proof, and, not having requested submission of same to the jury, he waived such grounds and cannot recover.

We do not sustain this contention. The plaintiff did allege misrouting of the shipment over the Galveston, Harrisburg & San Antonio from Bay City to Wharton, and from Wharton to Eagle Lake, contrary to his request and instructions that it be routed over the Gulf Colorado & Santa Fé Ry. lines between those points. The evidence as to misrouting of the shipment was conflicting, and this issue was not submitted to the jury. If said shipment was in fact misrouted by the carriers, contrary to appellee's instructions, the carrier became guilty of misfeasance, and not merely of nonfeasance, and therefore liable for such loss as occurred by reason thereof. Texas & P. Ry. Co. v. Eastin & Knox, 100 Tex. 556, 102 S. W. 105; 7 Tex. Jur., 214. Not having requested the submission of this particular issue, appellee may be deemed to have waived it, and to be relegated to the other grounds of recovery alleged.

From a careful examination of the pleadings, it is obvious, we think, that appellee sought to recover from appellants upon their common liability as insurers. No caretaker accompanied the shipment. While there were allegations of misrouting; that said stock were retained on board the car an undue length of time; and that he believed they were fed and watered only once while enroute; he expressly alleged that he did not know what was done with said shipment anywhere on said trip. Nowhere do we find any express allegations of negligence or any charge of any specific acts which would constitute negligence. At most, his allegations were but general in character. The allegations in the instant case were much more general than those in Texas Mex. Ry. Co. v. Canales (Tex. Civ. App.) 299 S. W. 668; St. Louis Southwestern Ry. Co. v. Weathersbee (Tex. Civ. App.) 22 S.W.(2d) 986; and Texas & N. O. Ry. Co. v. Miller Bros. (Tex. Civ. App.) 22 S.W.(2d) 988, 989; in which it was held that same did not constitute allegations of specific acts of negligence. Misrouting was not charged as negligence. And the pleadings that said stock were retained on board the car without feed or water for more than 30 hours was obviously for the purpose of invoking the statutory penalty provided in article 889, R. S., 1925.

■ Eliminating the allegations of misrouting which appellee is held to have waived, and those as a basis for the statutory penalty which was not submitted nor awarded, the allegations remaining are, in effect, merely that he delivered said stock to the initial carrier in good condition at Bishop on September 2, 1925; that they reached Bay City on September 3d, where they were unloaded and held until September 4th; that they were then forwarded on to Wharton, their original destination, but before arrival there were diverted at the request of appellee to Eagle Lake, where they arrived in an injured condition on the afternoon of September 5th. Such allegations do not constitute specific allegations of negligence, and appellants' first five propositions, all presenting this question, are overruled.

■ When appellee showed good condition of the stock upon delivery to the initial carrier and injured condition upon redelivery to him at destination, no caretaker having accompanied the shipment, and that such injuries were not due solely to the inherent vices of the animals, a prima facie case of negligence against the carriers was made out. And even if not an absolute insurer of the live stock, as insisted by appellants, they must exonerate themselves of negligence by affirmative proof. We have read carefully the statement of facts, and find that appellants failed to make such proof. Considering only the evidence of the appellants, eliminating the charge of misrouting, and considering the shipment as being routed over the lines it in fact moved, we find only the following:

That said live stock was loaded at Bishop, Tex., about 8 p. m., on September 2, 1925, and moved from there at 11:20 p. m.; that it arrived in good condition at Bay City, a distance of 160 miles from Bishop, at 12:20 p. m., September 3d, and was there unloaded and watered and fed; that it was reloaded by the initial carrier at Bay City at 10:30 a. m., on September 4th, and turned over to the Galveston, Harrisburg & San Antonio for transportation to Wharton, 35 miles away. The Gulf, Colorado & Santa Fé Ry. also runs from Bay City to Wharton. The evidence does not show when the shipment left Bay City, but it arrived at Wharton at 5:30 p. m. on September 4th, and remained there until 12:20 a. m. of September 5th. It was then hauled to Rosenberg, arriving there at 1:30 a. m., where it remained until 10:20 a. m., was again picked up by the Galveston, Harrisburg & San Antonio and delivered at Eagle Lake at 1 p. m. of September 5th. The distance from Bay City to Eagle Lake over the Gulf, Colorado & Santa Fé was 60 miles. Between the same points over the Galveston, Harrisburg & San Antonio via Rosenberg as hauled was 96 miles. The time consumed by the Galveston, Harrisburg & San Antonio for this haul was about 27 hours. The evidence indicates that the live stock was in good condition when reloaded at Bay City. It also shows considerable handling between there and Eagle Lake. There was no evidence to indicate the nature, character, or extent of this handling, whether rough or otherwise; nor that the shipment moved with reasonable dispatch. The burden was upon the carrier to negative any negligence upon its part in both respects. It failed to meet that burden.

■ It is true, as urged by appellants, that absent any negligence on their part, they would not be liable for the condition of the live stock resulting from their own natural propensities or which would naturally or normally result to same from shipment between said points. Davis v. Sullivan & Opry

(Tex. Com. App.) 258 S. W. 157; 8 Tex. Jur. 496. But not having rebutted by proof the prima facie case of negligence established against them, they cannot escape liability for the injuries shown, on the ground that a part of same resulted from the inherent vices of the animals themselves. Where the negligence of the carrier concurs with the natural propensities of the live stock to cause the injuries complained of, it is now well settled that the carrier, in the absence of any fault of the shipper, is liable for all of the injuries so sustained. Atchison T. & S. F. Ry. Co. v. Nation & Slavens (Tex. Civ. App.) 92 S. W. 823 (writ ref.); Gulf, C. & S. F. R. Co. v. Culwell (Tex. Civ. App.) 216 S. W. 457; St. Louis Southwestern Ry. Co. v. Culberson (Tex. Civ. App.) 248 S. W. 111; 8 Tex. Jur. 500. No contention is made that the shipper was guilty of negligence, and it is conceded that the proof was sufficient to sustain the finding of injuries at destination.

In the instant case, a prima facie case of negligence of the carriers was found by the jury. The injuries were such as, under the evidence, might have been caused in part at least by the natural propensities of the live stock. They were such as would as well have resulted from the long delay enroute, or from rough handling. While the rule as to liability as insurers in carrying live stock is subject to the exception, in addition to acts of God or the public enemy, that the carrier is not liable for injuries resulting from the inherent nature or propensities of the animals; it was incumbent upon the carrier, when injuries to the live stock occur in transit, to show that such injuries occurred without its fault. Having failed to do so, it is immaterial that a part of such injuries may have occurred from the natural propensities of the animals, and the trial court did not err in refusing to submit to the jury the issue as to what portion, if any, of such damages, so resulted. Gulf, C. & S. F. Ry. Co. v. Culwell, supra; 10 C. J. 188; 8 Tex. Jur. 496.

The judgment of the trial court is affirmed.