

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00368-CR

JIMMY LAWSON THORNTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 47,882-A; Honorable Dan L. Schaap, Presiding

July 17, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On August 15, 2005, Appellant, Jimmy Lawson Thornton, was convicted of driving while intoxicated, third or more,[1] and sentenced to ten years confinement suspended in favor of seven years community supervision. On May 30, 2012, just months before expiration of the seven-year community supervision period, the State filed a motion to revoke alleging that Appellant had committed a new DWI offense, consumed alcohol and was at a bar, all in violation of the terms and conditions of his

---

[1]TEX. PENAL CODE ANN. § 49.09(b)(2) (WEST SUPP. 2012).

community supervision. Appellant's new DWI offense resulted from him being involved in an accident when his vehicle struck a vehicle driven by a mother accompanied by her two children. His blood alcohol was 0.15.

After a hearing, at which Appellant entered pleas of true to the three allegations, the trial court granted the motion to revoke and assessed the original sentence of ten years confinement.[2] In presenting this appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary

---

[2]The hearing was a joint proceeding on the motion to revoke (cause number 47,882-A) and an open plea of guilty on the new DWI charge (cause number 65,279-A). The trial court found Appellant guilty of the new offense and sentenced him to ten years confinement to be served concurrently with the sentence in cause number 47,882-A. According to counsel's *Anders* brief, Appellant filed an intent to appeal the new conviction but was never appointed counsel to pursue the appeal. He has filed a writ of habeas corpus for an out-of-time appeal.

[3]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

By the *Anders* brief, counsel demonstrates that the State's motion to revoke was filed within the seven-year community supervision period. He evaluates trial counsel's representation as effective and shows that Appellant's sentence is within the range permitted by statute. He concludes there are no grounds to support reversal of Appellant's conviction.

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589

---

[4]Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

S.W.2d 419, 421 (Tex.Crim.App. 1979). When more than one violation of the conditions of community supervision is found by the trial court, the revocation order shall be affirmed if one sufficient ground supports the court's order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); *Jones v. State*, 571 S.W.2d 191, 193 (Tex.Crim.App. 1978); *Leach v. State*, 170 S.W.3d 669, 672 (Tex.App.--Fort Worth 2005, pet. ref'd). Additionally, a plea of true standing alone is sufficient to support the trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

## CONCLUSION

The judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

4