## HARTFORD FIRE INS. CO. v. TRIPLETT et al. (No. 6157.)

(Court of Civil Appeals of Texas. Austin. March 16, 1920. Rehearing Denied June 30, 1920.)

1. **Insurance ⬅653 — Written statements of plaintiff's counsel, tending to show that insured goods had been sold, improperly excluded.**

In an action on fire policy covering cotton on railroad platform, where, under the terms of the policy, there could be no recovery if insured was not the owner, exclusion of written statements prepared by plaintiff's counsel from information furnished by plaintiff and sent to defendant, tending to show that there had been a sale of the cotton as it stood on the platform, was error.

2. **Insurance ⬅606(1)—Insurer has right of subrogation.**

Insurer of goods destroyed by fault of railroad company is subrogated to rights of assured to recover against railroad to extent to which insurer has been compelled to pay.

3. **Carriers ⬅142—Cotton on platform must, under statute, be protected against fire.**

Where a carrier had established a platform as a place for the reception and delivery of cotton, it was required, under Rev. St. art. 6589, to do whatever was reasonably necessary to protect cotton placed on the platform from fire caused by sparks from passing engines, or from a cotton gin located 75 or 80 yards therefrom.

On Motion for Rehearing.

**4. Carriers ⚌146—Evidence held not to show that sparks from engines caused loss of cotton.**

In an action against a carrier for loss by fire of cotton stored on a platform established by carrier, with action over against carrier by insurer, also sued by plaintiff, evidence *held* insufficient to show that sparks from a passing engine or sparks from a cotton gin nearby caused the fire.

**5. Appeal and error ⚌1173(1) — Where action must be reversed as to one defendant, it will be reversed as to both.**

Where, in an action by owner of cotton against carrier and insurance company for loss of the cotton, with action over by insurer against carrier, there must be a reversal of the judgment for plaintiff against insurer, judgment in favor of defendant carrier will also be reversed.

Error from District Court, McCulloch County; J. O. Woodward, Judge.

Action by J. Q. Triplett against the Hartford Fire Insurance Company and the Gulf, Colorado & Santa Fé Railway Company, with action over by Insurance Company against Railway. Judgment for plaintiff on instructed verdict against Insurance Company, and judgment for Railway as to both plaintiff and codefendant, and the Insurance Company brings error. Reversed and remanded.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for plaintiff in error.

T. C. Wilkinson, of Brownwood, and F. M. Newman, of Brady, for defendant in error J. Q. Triplett.

Terry, Cavin & Mills, of Galveston, Sam McCollum, of Brady, and Lee, Lomax & Smith, of Ft. Worth, for defendant in error Gulf, C. & S. F. Ry. Co.

KEY, C. J. J. Q. Triplett filed this suit against the Hartford Fire Insurance Company and the Gulf, Colorado & Sante Fé Railway Company, seeking to recover the value of 30 bales of cotton alleged to have been destroyed while on the platform of the railway company at a station called Pasche, in Concho county. The insurance company answered by general demurrer, special exceptions, and general denial, and specifically averred that the policy issued by it and sued upon by the plaintiff did not cover nor include the cotton in question. It further alleged that at the time the cotton was destroyed the plaintiff was not the owner thereof, and was therefore not entitled to recover because of the provision in the policy prohibiting any change of ownership, and rendering the policy void on account of such change. The insurance company further alleged that its codefendant, the railway company, held the cotton as bailee, and permitted it to be stored at a place provided by it for receiving freight and other property for shipment, and that it had provided no covering over the platform where the cotton was stored, as required by statute, and that the negligence of such codefendant was a proximate cause of the plaintiff's loss; and it prayed, in the alternative, for judgment against the railway company for whatever amount the plaintiff might recover against the insurance company. It also joined in the charge which the plaintiff had made in his petition to the effect that the fire was caused by sparks which escaped from an engine belonging to the railway company, and that the latter was guilty of negligence in not equipping same with the most approved spark-arresting appliances in general use to prevent the escape of sparks.

The defendant railway company answered by general demurrer, special exceptions, general denial, and specially that if the plaintiff's cotton was placed on its platform the plaintiff, in the use he made of the platform, was a licensee, and accepted the platform as then situated, and assumed all the perils and dangers incident to its use, and especially the risk of fire arising from causes set up in the petition and the cross-bill, and that the plaintiff was guilty of contributory negligence in placing his cotton upon the platform. The court instructed the jury, and the jury complied therewith, to find for the plaintiff against the insurance company for $1,716.17, with interest from September 21, 1916, at 6 per cent. and to find in favor of defendant railway company as to the cause of action alleged by the plaintiff and the insurance company. The insurance company has brought the case to this court by writ of error.

The plaintiff introduced a fire insurance policy, issued to him by the defendant Hartford Fire Insurance Company, for the sum of $2,000, "on cotton in bales, owned or held by the assured in trust, or on commission, or on joint account with others, or sold but not delivered, while contained in cotton yard and on railroad platform at Pasche, Concho county, Tex." The proof shows that the cotton in question was in a cotton yard on a railroad platform, at Pasche, Concho county, Tex.; and therefore, if it belonged to the plaintiff, it was covered by the policy. Hence we decide against appellant upon that point. We think the proof also justified a finding that the cotton was entirely destroyed by the fire, though in that respect it no doubt will be made clearer upon another trial.

[1] We sustain appellant's fifth, sixth, and seventh assignments, which complain of the action of the trial court in excluding

and not permitting the insurance company to put in evidence certain portions of written statements, prepared by the plaintiff's attorney upon information furnished by the plaintiff, and sent to both of the defendants. The excluded statements read as follows:

"On September 19 or 20, 1916, Triplett, over the phone, sold to Crawford-Gosho Company 30 bales of cotton. At the time of this sale Triplett had 18 bales of cotton on the platform ready to be shipped and had in order for cars to ship the 30 bales and kept in order all the time for cars to ship cotton. Before the fire he had placed on the platform the balance of the cotton to be shipped to complete the sale, and had placed 5 additional bales on the platform for shipment for any other sale he might make."

"It has been his custom when making sales of this character, and he had made several this season the same way and to the same party, to make his sale over the phone, and if he did not have the cotton on the platform to immediately place it there for shipment, and as soon as he could get cars, he keeping in order for cars all the time and making special orders in addition, to load the cotton; the loading being done at the request of Crawford-Gosho Company and they paying the expense of loading."

"The 30 bales that he had purchased on the platform and delivered to Crawford-Gosho Company weighed 16,186 pounds, and he had contracted to sell it at 15.35 cents per pound."

These statements were made by the plaintiff's attorney, acting for him and upon information furnished by him, and were conceded by him on the witness stand to be substantially correct. In our opinion, they tend not only to show a contract of sale of the cotton in question, but that the sale had been completed by delivery to the purchaser.

It is also contended on behalf of appellant that the court erred in directing a verdict for the plaintiff, and in not submitting to the jury the question of title and ownership of the cotton, which it is contended was raised by testimony which was admitted. As the case is to be reversed and sent back for another trial, on account of the exclusion of the testimony just referred to and bearing upon that subject, we deem it unnecessary to make any ruling upon the other question referred to.

All the other assignments presented by the insurance company, and relating to the controversy between it and the plaintiff, Triplett, have been considered and are overruled. The insurance company has presented other assignments, complaining of the action of the trial court in not submitting to the jury the issues of fact raised by the pleadings and the testimony relating to its alleged right to recover from its codefendant, the railway company, whatever sum the plaintiff might recover against it, and that branch of the case will now be considered.

[2] The rights of the insurance company in that regard are predicated upon the law of subrogation, by which the insurer is subrogated to the right of the assured to recover against a third party who has caused the injury to or loss of the property insured. That doctrine is stated as follows in 19 Cyc. p. 893:

"The rule as heretofore stated in respect to satisfaction from a third party results in its just application in the further rule that if the loss is not satisfied by the third person thus legally bound for its satisfaction, and the insurance company is compelled to pay the loss, it is entitled to equitable subrogation to the claim of the insured against such third person to the extent to which the company has been compelled to pay for a loss which should have been paid by such third person." Houston Direct Navigation Co. v. Ins. Co. of North America, 31 S. W. 560; Liverpool, etc., Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 9 Sup. Ct. 469, 32 L. Ed. 788; Same v. Ins. Co. of North America, 129 U. S. 464, 9 Sup. Ct. 480, 32 L. Ed. 800.

[3] Article 6589 of the Revised Statutes reads as follows:

"Each and every railroad company is hereby required to erect at each and every depot, station or place established by such company for the reception and delivery of freight, suitable buildings or inclosures to protect produce, goods, wares and merchandise and freight of every description from damage by exposure to the weather, stock or otherwise; in default of which such railroad company shall be liable to the owner of such produce, goods, wares or merchandise for the amount of damages or loss sustained by reason of such improper exposure, together with all costs and expenses of recovering the same, including necessary attorney's fees."

While the proof in this case indicates that the railway company had no station house at Pasche, it also tends to indicate that it had established the platform upon which the cotton in question was located as a place for the reception and delivery of that class of freight; and if such was the fact, then the statute quoted required it to at least do whatever was reasonably necessary to protect cotton placed on that platform from fire caused by sparks escaping from a passing engine, or from the gin which was located about 75 or 80 yards therefrom. The proof shows that the railroad track ran within a few feet of the platform, and it was charged in the pleadings of both the plaintiff and the insurance company that sparks escaped from one of defendant's passing engines and set the cotton on fire, and that such causing of the fire and resultant injury would have been prevented if the railway company had erected a proper roof or covering over the platform; and as there was some proof tending to sustain those allegations, we think the insurance company was entitled

to have that issue submitted to the jury. Hence we hold that upon another trial, if the testimony is as strong tending to show default upon the part of the railway company, the court should submit that issue to the jury, and if the jury should find that the railway company had neglected to perform its statutory duty in that respect, and that as a result thereof the cotton was set on fire by sparks escaping either from an engine of a passing train or from the engine by which the gin was operated, and that the railway company's performance of its statutory duty would have prevented the loss of the plaintiff's cotton, then the railway company should be held liable either to the plaintiff, or, if he should recover judgment against the insurance company, then the railway company should be held liable to the insurance company to the extent of the amount of the plaintiff's judgment against it.

On account of the errors indicated, the judgment of the trial court will stand reversed and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

[4] This motion has been carefully considered, and while we have reached the conclusion that it should be overruled and the entire case reversed and remanded, we withdraw that part of our former opinion which holds that there was testimony which would support a finding that the fire which destroyed the cotton was caused by sparks of fire which had escaped from a passing engine on the railroad, or from a nearby cotton gin. A careful reconsideration of the statement of facts leads us to concur in the contention of counsel for the railway company to the effect that the evidence would not justify a finding that the fire originated in either of the manners referred to. The most that can be said in support of either of those theories is that the gin had been in operation that day; that one train had passed upon the railroad track about 6 o'clock p. m., and the cotton was discovered to be on fire between 10 and 11 o'clock p. m.

[5] None of the witnesses pretended to know how the fire originated, and while it is possible that it may have been caused by sparks escaping from the gin while it was in operation, or from the engine of the train which passed about four hours before the fire was discovered, it is also possible, and, according to the testimony in the record, equally as probable, that it was caused by spontaneous combustion. Also, it may have been caused by some passer-by casting aside an unfinished cigar or cigarette which was still on fire. However, as we reversed the case for another trial as between plaintiff and the insurance company, we deem it right and proper to reverse the entire case.

We are not disposed to agree with counsel for the railway company that the pleadings were not sufficient to entitle the insurance company to a recovery against the railway company, but that question can be eliminated by filing amended pleadings. Also, it may be that additional proof can be procured tending to show the origin of the fire; in which event the question of the liability of the railway company should be submitted to the jury. But if such additional proof is not procured, the trial court should again instruct a verdict for the railway company. We adhere to our construction of article 6589, as disclosed in our former opinion.

Motion overruled.

Overruled.