JEFFERSON BIRD v. THE STATE.

No. 5992.   Decided December 1, 1920.

**1.—Forgery—Evidence—Bill of Exceptions.**

Where, upon trial of forgery the bill of exceptions, as to the admission in evidence of a strip of paper upon which certain names were written, because defendant was under arrest, the fact sustaining the contention were not stated in the bill, etc., the same cannot be considered on appeal.

**2.—Same—Requested Charges—Comparison of Handwriting—Signature—Oath.**

Where, appellant complained of refusal of requested charges urging that it must be shown that he, himself, wrote the check in question, and that his execution of it must be shown in some other way than by a comparison of handwriting; that the jury could not convict of forgery upon proof of passing a forged instrument; held, that the same is untenable. under Article 814, Vernon's C. C. P.; as there was no written oath denying the signature.

**3.—Same—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of forgery, the court submitted a full and fair charge, and the evidence fully supported the conviction, there was no reversible error. Following Jackson v. State, 81 Texas Crim. Rep., 51.

Appeal from the District Court of Gregg. Tried below before the Honorable Chas. L. Brachfield.

Appeal from a conviction of forgery; penalty, two and one-half years' imprisonment in the penitentiary.

The opinion states the case.

*F. B. Martin,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of objection to the admission of evidence: and requirement of bills of exceptions: Davis v. State, 154 S. W. Rep., 226; Ward v. State, 159 id., 279.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Gregg County, of the offense of forgery, and his punishment fixed at two and one-half years in the penitentiary.

Appellant was charged with forging the name of W. N. Hiett to a check. The record discloses that he had worked for Mr. Hiett, and that on the 15th of November, 1919, he presented a check, purporting to be signed by Mr. Hiett, to a bank in Longview. The check was payable to C. R. Rockwell, and when appellant was asked to write his name on the back of the instrument, he wrote *C. R. Rockwell.* Soon after the cashing of the check, the fact that it was a forgery was discovered. Appellant was arrested, and on the trial of the case, a paper was introduced, on which he had written, after his arrest, the names of *C. R. Rockwell, Jefferson Bird,* and *W. H. Hiett.*

Mr. Hiett testified that he neither signed nor authorized the said check.

These are the facts. There are no bills of exceptions in the record.

Appellant's motion for a new trial complains of the admission of the strip of paper on which he had written the names mentioned above, it being stated in said motion that the grounds of objection were that appellant was under arrest and unwarned at the time he wrote said names. As there is no bill of exceptions reserving and presenting the facts, we would hold that the matter is not before us in such way as calls for review. It is well settled that if matters are objected to because of the grounds stated, the facts sustaining the contention must be brought here by bills of exception, and that in the absence of same, our presumption would be in favor of the legality of the action of the trial court.

Appellant asked three special charges, the refusal of same being here urged as error. The substance of said charges was, that it must be shown that appellant himself wrote the check in question, and that his execution of it must be shown in some other way than by a comparison of the handwriting; and that the jury could not convict of forgery upon proof of passing a forged instrument. Our statute authorizes evidence of handwriting by comparison made by the jury, and specifically provides that such comparison shall be deemed insufficient to establish handwriting only when the party to whom the writing is attributed denies such signature (or writing) under oath. Article 814, Vernon's C. C. P. There was no such denial by appellant in the instant case. The alleged forged instrument was in evidence. It was passed by appellant, and no connection of any other person therewith is hinted at in the record. It was made payable to C. R. Rockwell. Appellant's name was not C. R. Rockwell, but when told by the banker from whom he got the money on the check, to write his name on the instrument, he wrote *C. R. Rockwell.* After his arrest, he wrote the name of the supposed maker of the check, as well as *C. R. Rockwell,* on a paper. These proven specimens of

his writing were before the jury for their comparison with the writing on the check.

The trial court submitted the case fully and fairly, and told the jury that unless they believed beyond a reasonable doubt that appellant made the check in question, they should find him Not Guilty. We do not think any of the special charges should have been given; nor can we agree with the claim that the evidence is insufficient to support the verdict. As stated above, the forgery of the check was indisputable; nor is it denied or questioned that appellant presented and cashed same on the date said check was written. He falsely represented that he was the payee named in said check, and wrote as his, the name of the payee on the back of the check. His undisputed handwriting was before the jury for their comparison, and we deem these circumstances ample to justify the verdict. Jackson v. State, 81 Texas Crim. Rep., 51.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*