**RIO GRANDE CITY RY. CO. v. GUERRA et al.**

No. 8381.

Court of Civil Appeals of Texas. San Antonio.
March 12, 1930.

Rehearing Denied April 2, 1930.

Strickland & Ewers, of Mission, and E. H. Crenshaw, Jr., of Kingsville, for appellant.

Bismark Pope and John A. Pope, both of Laredo, and John A. Pope, Jr., of Rio Grande City, for appellees.

FLY, C. J.

Horace P. Guerra and Virginia C. Guerra, doing business under the firm name of M. Guerra & Son, sued appellant to recover the sum of $2,094.01, alleged to be due as damages arising from the negligent destruction of twenty-three bales of cotton weighing 11,-319 pounds in the aggregate. The cause was tried by jury, which returned a verdict for appellees in the sum of $2,094.01.

The facts are, that appellees delivered to appellant twenty-nine bales of cotton, for shipment, when seventy-one more bales were delivered, so as to constitute a shipment of one hundred bales of cotton. The remaining bales were in the possession of appellees and were to be delivered to appellant at another time.

When the twenty-nine bales were brought to the agent of appellant he instructed the employees of appellees to place them on a certain platform used for shipping purposes. The platform was not the one nearest to the depot, but was the one designated by the agent. The first night the cotton was on the platform twenty-three bales were destroyed by fire.

It is the contention of appellant that the relation of shipper and carrier had not arisen between the parties, and that, if appellant was liable, it was not as a carrier, but as a warehouseman.

When the cotton was delivered it was the distinct understanding that the delivery was not for immediate transportation, but that the bales delivered were to be held until the number delivered by appellees had reached one hundred bales, and, from the fact that only twenty-nine bales were delivered on the first day, it may be inferred or presumed that it would take at least two more days to deliver the remaining seventy-one bales. Evidently the twenty-nine bales of cotton were delivered and received for storage until the time fixed by appellees for shipment; that is when one hundred bales had been placed on the platform. It is the ordinary rule that, where goods are delivered to be held by the carrier for a certain time before shipment, the liability of the carrier is that of a warehouseman. There was an implied agreement between the parties that the cotton should be held by appellant as a warehouseman until the remaining cotton was delivered. Elliott on Railroads § 1464.

The facts of this case place appellant in the position of a warehouseman; indeed it is not contended by appellees, in their brief, that appellant is liable other than as a warehouseman. In such case appellant was not

an insurer of the cotton, and is not liable for its destruction, unless it appears that its negligence contributed to the loss of the property. It was liable as a bailee and owed the duty to exercise ordinary care and diligence in protecting the property of appellees, and unless a breach of the exercise of ordinary care and diligence is reasonably apparent from all the facts and circumstances, its liability does not attach. Exporters' Compress Co. v. Schulze (Tex. Com. App.) 265 S. W. 133.

The court instructed a verdict for appellees, whether on the assumption that appellant occupied the position of carrier to the cotton, or upon the assumption that it was incumbent upon appellant to show that it was not guilty of negligence as a warehouseman, we know not. The cotton was not delivered for immediate shipment, and for that reason the company could be held liable only as a warehouseman, and not as a common carrier. Elliott on Railroads, § 1409. The shipment was not to be made at once, but depended on further acts by appellees. So it was necessary to show negligence upon the part of appellant, and if it could be held that placing the cotton on the platform, or failure to have a watchman, if there was such failure, or any other circumstances, none nor all of them constituted negligence per se, and the question of negligence, if any was shown, should have been submitted to a jury. The verdict should not have been instructed. Clayton & Co., Gulf, C. & S. F. R. Co. v. Anderson (Tex. Com. App.) 246 S. W. 1031.

The judgment will be reversed, and the cause remanded.