**FARMERS GIN CO. v. TEXAS
ELECTRIC RY. CO.**

No. 2918.

Court of Civil Appeals of Texas. Waco.

July 20, 1950.

Rehearing Denied Oct. 11, 1950.

Rice, Waitz & Rice, San Antonio, George E. Kacir, West, for appellant.

Lucian Touchstone, Chas. E. Long, Jr., both of Dallas, for appellee.

HALE, Justice.

Appellant, Farmers Gin Company, sued appellee, Texas Electric Railway Company, for damages on account of the partial destruction by fire of 23 bales of cotton while stored on the platform of appellee at West, Texas. The asserted liability was predicated upon the pleaded theory that there had been a constructive delivery of the cotton which gave rise to an implied contract of bailment, whereby appellee became charged with the responsibility of exercising ordinary care to protect the stored cotton from loss by fire; that appellee had failed in certain particulars to discharge the duty thus imposed upon it; and that the negligence of appellee in each of such particulars was a proximate cause of the loss and damages for which recovery was sought.

The case was tried before a jury. Upon the conclusion of the evidence appellee duly presented its motion for an instructed verdict. The motion was grounded in part upon the contention that the evidence wholly failed to show the existence of any contract of bailment, express or implied, between the parties with respect to the stored cotton, and in the absence of such contract appellee owed no duty to protect the cotton against loss by fire. The motion was further grounded upon the contention that the undisputed evidence showed the loss complained of had resulted from the contributory negligence of appellant and from the danger of risks assumed and incurred by it in voluntarily placing its cotton on the storage platform under the existing circumstances. The motion was sustained and judgment was rendered that appellant take nothing. Appellant says the court below erred in sustaining the motion of appellee for an instructed verdict and in rendering judgment accordingly. It contends that by virtue of the prevalent custom and usage shown by the material circumstances in evidence there was, in contemplation of law, a constructive delivery of the cotton to appellee which resulted in an implied bailment, imposing upon appellee the legal duty of exercising ordinary care to protect the stored cotton from the known hazards of fire. It insists that since the evidence was sufficient to raise issues of fact determinative of appellee's alleged liability, the trial court should have submitted such issuable facts to the jury for determination.

In passing upon the propriety of the trial court's action in sustaining the motion of appellee for an instructed verdict, it is the duty of this court to view the evidence as a whole and all reasonable inferences and deductions that may properly be drawn therefrom in the light most favorable to the contentions of appellant. Roeser v. Coffer, Tex.Civ.App., 98 S.W.2d 275; Jacobs v. Bailey, (er. dis.) Tex.Civ.App., 118 S.W.2d 484; Texas-Pacific Coal & Oil Co. v. Wells, Tex.Civ.App., 151 S.W.2d 927, pt. 2; Fruth v. Gaston, (er. ref. w. m.) Tex.Civ.App. 187 S.W.2d 584.

The evidence adduced upon the trial shows that appellee was a common carrier for hire on all dates material to this suit. Its line of railway passed through the town of West, where it maintained a passenger station, freight warehouse and a concrete loading platform which was approximately 20 ft. wide, 100 ft. long and 3 or 4 ft. high. The loading platform was about 30 ft. north of the depot and warehouse and was situated about three blocks from the main business section in the town of West. The M. K. & T. RR. Co., commonly known as the Katy, also operated a competing line of railway through and maintained a depot and cotton platform in the town of West.

It was the prevalent custom which had existed in West for more than three years prior to the fire for appellant and the other three ginners of the town to deliver their cotton, as soon as they had purchased the same from their customers, to the cotton platform of appellee or of the Katy, and to

store the same there until an entire shipment had been accumulated. When appellant had sold its cotton and was ready to ship the same, appellee or the Katy, as the case might be, would then issue to appellant at the request of the latter a bill of lading covering the shipment. After the delivery of cotton to appellee's platform, it was the custom and usage for appellee to exercise dominion and control over the same, moving it about at will and loading it at the expense of appellee into cars for shipment. Appellee constructed and maintained its cotton platform for the purpose of getting the cotton shipping business at West and it invited and solicited appellant and the other ginners at West to store their cotton on its platform in order to get their shipping business.

Pursuant to the foregoing custom and usage, appellant delivered 34 bales of its cotton during October 26th and 27th of 1948 on to the cotton platform of appellee for transportation to J. C. Mann & Co. at Waco, Texas. Appellant's sole purpose in placing its cotton on the platform was to have the same transported to Waco over appellee's line of railway. At about 4:00 o'clock A.M. on October 28, 1948, before any bill of lading had been issued for the contemplated shipment, a fire of undetermined origin broke out among the cotton stored on the platform. Approximately three hours time was required to bring the fire under control. After the fire had been extinguished, it was determined that 23 of the bales of cotton belonging to appellant had been partially destroyed by fire, to appellant's damage in the approximate sum of $1700.00.

■ Art. 886 of Vernon's Tex.Civ. Stats. provides in part as follows: "Railroad companies and other common carriers having depots and warehouses for storing goods shall be liable as warehousemen are at common law for goods and the care of the same stored at such depots or warehouses before the commencement of the trip or voyage on which said goods are to be transported." It is elemental that when goods are stored with a warehouseman the relationship of bailor and bailee is created

between the depositor or owner of the goods and the warehouseman. 56 Am.Jur., Warehouses, Sec. 21. It is also well settled that a warehouseman as bailee is charged with the duty at common law of exercising ordinary care for the protection and preservation of goods stored with him and is liable for loss or injury proximately caused by his failure to discharge such duty. 56 Am. Jur., Warehouses, Secs. 128, 129.

■ Under the law relating to contracts of bailment generally, there must ordinarily be a delivery of the subject of bailment by the bailor and an acceptance thereof by the bailee in order to create such contractual relationship between the parties. However, in order to establish the existence of such relationship it is not always necessary to prove an express contract of bailment, or the essential elements thereof, by direct evidence. Such a contract may arise by implication of law if through the proof of sufficient circumstances the implied relationship of bailor and bailee is shown to rest upon a substantive foundation. 6 Am.Jur., Bailments, Secs. 63 et seq., pp. 221–226; 8 C.J.S., Bailments; § 15, pp. 247–250; Rust v. Shamrock Oil & Gas Corp., Tex.Civ.App., 228 S.W.2d 934.

■ After due consideration of the entire record before us we have concluded that under the provisions of Art. 886 of Vernon's Tex.Civ.Stats. the evidence as a whole was sufficient in substance and probative force to form the basis for a proper legal inference to the effect that there was an implied contract of bailment in existence between the parties at and prior to the time of the fire, whereby appellee became charged with the duty of exercising due care for the protection and preservation of the stored cotton. Chicago, R. I. & P. R. Co. v. S. Marshall Bulley & Son, (er. den.) Tex.Civ.App., 140 S.W. 480. See also: Loeb Compress Co. v. I. G. Bromberg & Co., Tex.Civ.App., 140 S.W. 475; Jackson v. Greenville Compress Co., Tex.Civ. App., 202 S.W. 324; Rio Grande City Ry. Co. v. Guerra, Tex.Civ.App., 26 S.W.2d 360.

Art. 6393 of Vernon's Tex.Civ.Stats. provides as follows: "Railroad companies

shall erect at each depot, station, or place established by such company for the reception and delivery of freight, suitable buildings or inclosures to protect produce, goods, wares, and merchandise and freight of every description from damage by exposure to weather, stock or otherwise; in default of which such railroad company shall be liable to the owner of such produce, goods, wares or merchandise for the amount of damages or loss sustained by reason of such improper exposure, together with all costs and expenses of recovering the same, including necessary attorneys' fees."

■ The evidence in this case shows that appellee's platform was not enclosed with sides or covered by a roof so as to protect cotton from the hazards of fire, it was not equipped with an automatic sprinkler system, or with a fire hydrant and fire hose, or with chemical fire extinguishers, or any other suitable device by means of which to control and extinguish fire. The evidence further shows that appellee had failed to provide a watchman to patrol its storage facilities for the purpose of discovering and extinguishing fire and had failed to cover appellant's cotton with a tarpaulin or other fireproof or fire-resistant cover. Without attempting here to set forth the supporting circumstances, it must suffice to say that in our opinion the evidence was sufficient to authorize the jury in finding, if it had seen fit to do so, that one or more of the foregoing omissions constituted negligence on the part of appellee and a proximate cause of the damages for which recovery is sought. Art. 6393 of Vernon's Tex.Civ.Stats.; Hartford Fire Ins. Co. v. Triplett, Tex.Civ.App., 223 S.W. 305; Exporters & Traders Compress & Warehouse Co. v. Steele, Tex.Civ.App., 111 S.W. 2d 867; Cameron Compress Co. v. Whitington, Tex.Com.App., 280 S.W. 527; Exporters & Traders Compress & Warehouse Co. v. Hemphill, Tex.Civ.App. 292 S.W. 599; Exporters & Traders Compress & Warehouse Co. v. Shaw, Tex.Civ.App., 20 S.W.2d 248.

■ Appellant's manager testified in effect that he knew prior to the time when he deposited the cotton on appellee's platform that such platform was not enclosed with sides or covered by a roof, that it was not equipped with an automatic sprinkler system, or with a fire hydrant and fire hose, or with chemical fire extinguishers, or any other suitable device by which to control and extinguish fire, and that it was not the custom of appellee to provide a watchman for the purpose of patrolling its storage facilities or to cover stored cotton with a tarpaulin or other fireproof or fire-resistant cover. Appellee contends that since appellant's manager had full knowledge of the conditions of which complaint is now made, its act in voluntarily placing its cotton on appellee's platform without securing a bill of lading for the shipment thereof constituted contributory negligence on its part as a matter of law, or in the alternative, that appellant thereby assumed or incured the risk of dangers arising from the hazards of fire. We cannot agree with the contentions thus asserted. It is not necessary for us to decide whether or not the evidence in this case was sufficient to raise any material and controlling issue or issues of fact with respect to appellee's pleaded defenses of contributory negligence, assumed risk and incurred risk. If, as a matter of law, any of these defensive issues were raised by the evidence, then we think such issues, if any, should have been submitted to the jury for determination.

From what has been said, it follows that in our opinion the trial court erred in instructing the jury to return its verdict for appellee. Accordingly, the judgment appealed from is reversed and the cause is remanded to the court below for another trial.

TIREY, J., took no part in the consideration and disposition of this cause.