## ROCHELLE v. GIBLER.

No. 15517.

Court of Civil Appeals of Texas.

Fort Worth.

May 28, 1954.

Rehearing Denied June 25, 1954.

Philip I. Palmer, Dallas, for appellant.

Frank & Frank, and D. A. Frank, Dallas, for appellee.

RENFRO, Justice.

Suit was brought by appellant, William J. Rochelle, Jr., against appellee, Myron C. Gibler, for damages for alleged breach of contract of sale of real property. Appellee denied there was any contract or that he ever agreed in writing to sell the property.

At the conclusion of the evidence, appellee moved for an instructed verdict, whereupon the court withdrew the case from the jury and dismissed appellant's suit.

Appellant insists the evidence revealed controverted issues as to the authority of the real estate broker Sedgwick to act for appellee, the terms, execution, delivery and breach of the contract which the jury could properly have determined in favor of ap-

pellant, and the court erred in withdrawing the case from the jury.

■ In passing upon the propriety of the trial court's action in sustaining the motion of appellee, it is the duty of this court to view the evidence as a whole and all reasonable inferences and deductions that may properly be drawn therefrom in the light most favorable to the contention of appellant. Jacobs v. Bailey, Tex.Civ.App., 118 S.W.2d 484; Fruth v. Gaston, Tex.Civ. App., 187 S.W.2d 581; Farmers Gin Co. v. Texas Electric Ry. Co., Tex.Civ.App., 232 S.W.2d 890.

So viewed, the testimony pertinent to this appeal is in substance as follows: Appellee was anxious to sell his house and lot in Dallas because he had accepted work in Waco. He agreed that Sedgwick, a licensed real estate broker, could offer the property for sale. Sedgwick held open house at appellee's property and about the 24th day of October, 1951, received an offer of $22,500 from appellant. Appellant and Sedgwick signed what the parties called a Texas Standard form contract. Appellee was in Waco at that time. Sedgwick took the contract to Mrs. Gibler, appellee's wife, together with $1,000 in checks signed by appellant, as earnest money, and asked her to get something from appellee in writing. Mrs. Gibler called her husband long distance and told him of the offer. Appellee then sent the following telegram to his wife:

"DC883          1951 Oct 25 PM 8–35
"D.W.TA417 PD-Waco Tex 25 650P=
"Mrs. M C Gibler=
  "3936 Southwestern Dal=
"Offer accepted for our home 3936 Southwestern by William J. Rochell Jr for $22,-500 except buyer to pay for title policy and loan penalty also Mitchell air conditioner is not to be included in deal=
                          "M C Gibler=
"3936 $22,500="

On the morning of the 26th Mrs. Gibler called Sedgwick and told him about the telegram. He went to her house and Mrs. Gibler gave him the telegram. She asked him if he thought appellant would accept the modifications. On the same morning appellant did accept the modifications and made the necessary changes in the instrument which he and Sedgwick had already signed, initialing the changes. Sedgwick then informed Mrs. Gibler the modifications had been accepted and wired appellee in Waco that appellant had accepted the modifications. Still later in the day, appellee returned from Waco and notified both Sedgwick and appellant that he had sold to somebody else.

Appellee testified that he was willing to accept appellant's offer when notified of it by his wife. He received the new offer from another party after he had sent his wife the above telegram. When he sent the wire to his wife it was his purpose for her to convey the information to Sedgwick that appellant's offer was accepted, subject to the mentioned modifications. Mrs. Gibler was to receive and communicate to appellee any offers Sedgwick received, and report his replies to Sedgwick.

Appellee's wife testified that appellee had asked her to go ahead and communicate the offer in the telegram to appellant.

Appellant was ready, able and willing to perform on his part.

Appellee insists that the evidence does not show Sedgwick to be his agent and further that Sedgwick had no written authority to make a contract of sale for him.

■ The fact that Sedgwick's agency, if he was appellee's agent, was not evidenced by an instrument in writing is immaterial, for it has long been the established rule in this state that written authority is not necessary to enable an agent to bind his principal in an executory contract for the sale of land. Adams v. Abbott, Tex.Sup., 254 S.W.2d 78; Houston Oil Co. of Texas v. Payne, Tex.Civ.App., 164 S.W. 886; Marlin v. Kosmyroski, Tex. Civ.App., 27 S.W. 1042; Huffman v. Cartwright, 44 Tex. 296; Hlawiczka v. Fitch, Tex.Civ.App., 197 S.W.2d 135.

■ Appellee then insists that since he did not sign the purported contract of sale

it was not binding on him. A valid memorandum of a contract may consist of letters and telegrams signed by the party to be charged and addressed to his agent or the other party to the contract or even to a third person not connected with the transaction. Adams v. Abbott, supra; McKy v. Walker, Tex.Civ.App., 293 S.W. 921.

■ The appellee argues that under Article 6573a, § 22, R.C.S., Vernon's Ann.Civ. St., Sedgwick, not having a written authorization to sell, could not recover a commission from appellee, and that if he could not recover a commission he could not be appellee's agent.

The above section does not render void or illegal an oral contract for commissions but merely establishes a rule of evidence. Hutchings v. Slemons, 141 Tex. 448, 174 S.W.2d 487; Arnold v. Wilson, D.C., 107 F.Supp. 961; Thompson v. Williams, Tex. Civ.App., 246 S.W.2d 506.

It is true that Section 22 of this act provides that no action shall be brought for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which such action was brought or some memorandum thereof shall be in writing and signed by the party to be charged. However, this does not mean that a real estate dealer cannot be the agent of the owner of land for the sale thereof unless he has a written contract. The statute goes no further than to provide that he cannot sue for real estate commissions unless there is a written listing. Hawkins v. Campbell, Tex.Civ.App., 226 S.W.2d 891.

■ After a careful study of the statement of facts, we are of the opinion there was sufficient evidence in the record to entitle appellant to go to the jury on the question of whether Sedgwick was acting as agent for appellee, and as to other facts determinative of whether or not there was a contract of sale and a breach thereof by appellee.

The judgment is reversed and the cause remanded for a new trial.