**E. L. HAAN, Appellant,**

v.

**Robert V. DALY, Appellee.**

No. 4556.

Court of Civil Appeals of Texas.

Waco.

Dec. 15, 1966.

Rehearing Denied Jan. 5, 1967.

Joe S. Moss, Houston, for appellant.

Banister, Boswell & O'Toole, James R. Keeney, Jr., Houston, for appellee.

OPINION

WILSON, Justice.

Appellee sought judgment for the amount of the sale price of realty, which he

alleged appellant contracted to purchase. Alternatively he prayed judgment for $1750, an agreed earnest money deposit under the terms of the written contract of sale. By trial amendment he alleged appellant agreed to deposit $1750 as earnest money, for which he delivered his check to a title company; that the check was dishonored and he had been damaged in the amount thereof.

■ Appellant's first point is that appellee Robert V. Daly "et ux" are designated in the preamble of the sales contract as sellers; that it was not signed by Daly's wife, or by Mrs. Haan; and the contract is therefore invalid.

The point is overruled. The agreement was signed by a real estate dealer as seller's agent. Since there was no plea of non est factum as required by Rule 93(h) Texas Rules of Civil Procedure, the contract was admitted in evidence as fully proved. Newbern v. Spiro, Tex.Civ.App., 387 S.W.2d 769; Ship Ahoy v. Whalen, Tex.Civ.App., 347 S.W.2d 662, and cases cited. There is nothing in the record to show the real estate dealer and appellant were not authorized to sign as agent for the respective wives; nor is there anything in the record to indicate the signature of either wife was essential to validity of the contract.

■ It is urged that there is no proof seller furnished a termite inspection certificate required by the contract; that the contract gave purchaser the option of declaring the contract void for failure to furnish the certificate; and that since appellant did "declare the contract void," plaintiff could not recover. Apparently appellant's argument is that since he announced he "would not honor the contract" it should be assumed he had "declared it void," and by implication, did so because no certificate was furnished.

■ There was no plea in confession and avoidance. This was an affirmative defense under Rule 94, Texas Rules of Civil Procedure. Since it was not affirmatively pleaded it was waived. Edwards v. Strong, 147 Tex. 155, 213 S.W.2d 979, 980; Reid v. Associated Employers Lloyds, Tex. Civ.App., 164 S.W.2d 584, writ ref.; Chapman v. Tyler Bank & Trust Co., Tex.Civ. App., 396 S.W.2d 143, writ ref. n. r. e.

■ It is said appellant could not secure a loan commitment which was recited to be "a contingency" of the contract of sale, which provided it should be null and void and the earnest money refunded if purchaser could not procure the commitment. There was no proof of appellant's inability in this respect except that a sum less than that specified was the maximum loan available from one loan company. His presently asserted inability, however, was also an affirmative defense, unpleaded, and waived under Rule 94; as is the claimed defense of appellee's failure to tender a deed.

■ Absence of the realty agent as a party, whose joinder is said to be indispensably necessary because of interest in a commission, is the subject of complaint. This nonjoinder was not raised in the trial court. The agent was not indispensable in the sense that no valid judgment could be rendered without his presence as a party. Full relief could be afforded appellee without his joinder. He was not an indispensable party so as to constitute his nonjoinder fundamental error. See Petroleum Anchor Equipment Company v. Tyra, (Texas Supreme Court, 1966) 406 S.W.2d 891.

Other points are overruled.

Affirmed.