**MACK FINANCIAL CORPORATION, Appellant,**

v.

**Hal DECKER, d/b/a Hal Decker Oil Company, Appellee.**

**No. 17521.**

Court of Civil Appeals of Texas, Dallas.

Dec. 11, 1970.

A. B. Conant, Jr., Shank, Irwin, Conant & Williamson, Dallas, for appellant.

Bobby C. Williams, Beaumont, for appellee.

DIXON, Chief Justice.

Appellant Mack Financial Corporation sued appellee Hal Decker, doing business as Hal Decker Oil Company, for a deficiency judgment following the repossession and resale of a truck under the terms of a chattel mortgage.

A jury having been empanelled appellant proceeded to present its evidence. After appellant rested its case appellee filed a motion for instructed verdict. The motion was sustained. The court then withdrew the case from the jury and rendered judgment that appellant take nothing by its suit.

In his motion for instructed verdict appellee alleged that appellant (1) failed to meet its burden of proof in that it did not show that appellant is the holder of the note and chattel mortgage made the basis óf the suit; (2) failed to show that the instrument constituting the note and mortgage was executed by appellee, or by anyone having the authority of appellee to execute the note and mortgage, or bind appellee; (3) failed to show that any demand was made on appellee; (4) failed to show the reasonableness of the attorney's fees; and failed to show that the repossession expense was reasonable or necessary, or that such monies were actually expended by appellant.

Appellant has presented seventeen points of error in which it asserts in substance that the court erred in withdrawing the case from the jury and rendering judgment against appellant because (1) the record shows as a matter of law that appellant was the holder and owner of the note and mortgage at the time of trial, or at least raises a fact issue in that regard; (2) the evidence showed that the note was executed by appellee or by his authority, or at least raised a fact issue in that regard, and, further, appellee had ratified and adopted the chattel mortgage, or at least the record raises a fact issue in that regard, and there is no evidence controverting appellant's evidence; (3) a demand for payment was made of appellee though no proof of demand was required as a matter of law, or at least a fact issue was raised in regard to demand; (4) the note and mortgage specifically and contractually provided for the amount of the attorney's fees, therefore proof of reasonableness was not necessary; (5) the reasonableness and necessity of repossession expenses were irrelevant as a matter of law, in any event would not be grounds for an instructed verdict, and the record at least raises a fact issue in that regard; and (6) the court should have rendered judgment for appellant because all material elements of appellant's cause of action were established, or.at least fact issues were raised in that regard.

■ At the outset we are met with the fact that appellee offered no testimony at the trial, he did not file a brief on appeal, and no oral argument was presented in his behalf when the appeal was submitted to us. Under these circumstances we accept the factual statements in appellant's brief as true. Rule 419, Vernon's Texas Rules of Civil Procedure; Gonzales v. Gonzales, 224 S.W.2d 520 (Tex.Civ.App., San Antonio 1949, writ ref'd); Davis v. Sturdivant, 306 S.W.2d 386 (Tex.Civ.App., Dallas 1957, no writ); Sunray Enterprises, Inc. v. Rosenaur, 335 S.W.2d 670 (Tex.Civ.App., Dallas 1960, writ ref'd n.r.e.); Works v. Wyche, 344 S.W.2d 193 (Tex.Civ.App., Dallas 1961, writ ref'd n.r.e.); Coates v. Coates, 355 S.W.2d 260 (Tex.Civ.App., Eastland 1962, no writ); Traweek v. Shields, 380 S.W.2d 131 (Tex.Civ.App., Tyler 1964, no writ); American Casualty and Life Ins. Co. v. Boyd, 394 S.W.2d 685 (Tex.Civ.App., Tyler 1965, no writ).

Appellant made a request for admissions pursuant to Rule 169, T.R.C.P. Appellee

did not respond to said request within ten days. Appellant filed a motion asking the court to enter an order deeming the requests admitted. The court granted the motion and entered an order deeming appellant's requests admitted. Thus many of the facts material to appellant's cause of action have been established.

■ ■ Appellee filed a sworn pleading in which he denies that he signed the note and mortgage, but he does not deny that the instrument was executed by his authority. The pleading does not comply with Rule 93(h), T.R.C.P. It cannot be given effect as a plea of *non est factum*. Davis v. Crawford, 53 S.W. 384 (Tex.Civ.App., 1899); Haan v. Daly, 409 S.W.2d 958 (Tex.Civ.App., Waco 1966, writ ref'd n.r.e.). The note and mortgage were introduced into evidence without objection. Under the rule it must be received in evidence as fully proved.

■ Moreover, the instrument on its face shows that it was acknowledged by Decker before a notary public. Under the circumstances the acknowledgment is prima facie evidence of the execution of the document. Hughes v. Dopson, 135 S.W.2d 148 (Tex.Civ.App., Amarillo 1939, no writ); Pate v. Ponca Wholesale Merc. Co., 386 S.W.2d 827 (Tex.Civ.App., Amarillo 1965, writ ref'd n.r.e.).

■ There is no merit to appellee's allegation that there is no showing that appellant was the owner of the note and mortgage at the time of trial. The document shows on its face that it was assigned by Mack Trucks, Inc., the original mortgagee, to Mack Financial Corporation. This assignment is not challenged. Appellee judicially admitted that he made several monthly payments of $476.72 each to Mack Financial Corporation.

There is also uncontradicted evidence in the record that demand was made on appellee for payment and that the sum of $4,550.67 remained due after the truck had been sold to the highest bidder for $5,000 at the foreclosure sale.

We sustain appellant's points of error.

Appellant did not file a motion in the trial court for judgment in its favor. On appeal it asks that we render judgment in its favor, or in the alternative that we reverse the judgment and remand the cause for another trial.

The judgment of the trial court is reversed and the cause remanded for another trial.