R. G. SMITH, Appellant,

v.

Bonnie WARTH, Appellee.

No. 5137.

Court of Civil Appeals of Texas, Waco.

July 27, 1972.

DeVore, Bagby, McGahey & Ross, Arlington, for appellant.

James A. Showers, Hillsboro, for appellee.

William L. Fly, Hillsboro, for third-party appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Smith from judgment requiring him to specifically perform a contract to purchase a house and lot.

Plaintiff Warth filed this suit against defendant Smith alleging plaintiff as seller and defendant as buyer, entered into a written contract whereby defendant agreed to purchase from plaintiff a house and lot on Lake Whitney for $15,500.; that defendant paid to Eastland Title Guaranty Company $2500 earnest money as a part of the purchase price; that plaintiff is ready to perform all obligations required of her by the contract, but defendant refuses to perform the obligations imposed on him by the contract. Plaintiff prayed for judgment that defendant specifically perform the contract.

Defendant answered that plaintiff had not closed the contract in the time required by the contract; that the property had been damaged by wind and rain; and prayed plaintiff take nothing.

Trial was before the court which entered judgment for plaintiff, decreeing specific performance of the contract.

Defendant appeals on 3 points:

1) The trial court erred in finding a valid contract of sale existed between defendant and plaintiff.

2) The trial court erred in finding that plaintiff had performed under the contract of sale.

3) The trial court erred in holding it would not be inequitable to grant specific performance.

Defendant's 1st point contends the trial court erred in finding a valid contract of sale between the parties, because the contract was not signed by plaintiff. The contract was signed "Mrs. Bonnie Warth, by Mohon and White, Robert K. White, Seller". Mohon and White and Robert K. White were plaintiff's real estate agents. Defendant asserts plaintiff had the "burden of proof to show that the real estate people had specific authority to sign the contract for her", and that she "introduced no documents" that clearly authorized Mohon and White to sign the contract of sale in her behalf.

The evidence establishes Mohon and White real estate agents, had oral and written authority to enter into a contract of sale for plaintiff of the property. Oral authorization is sufficient to authorize an agent to bind his principal in a contract for the sale of real estate. Adams v. Abbott, 151 Tex. 601, 254 S.W.2d 78; Rochelle v. Gibler, Tex.Civ.App., NRE, 269 S.W.2d 515.

And the contract was introduced into evidence without objection and is thus

received in evidence as fully proved. Mack Financial Corp. v. Decker, Tex.Civ. App., NWH, 461 S.W.2d 228; see also Haan v. Daly, Tex.Civ.App., NRE, 409 S. W.2d 958.

Defendant's 2nd point is the trial court erred in finding plaintiff had performed under the contract of sale. The contract was executed on April 14, 1971. It provided "in the event seller refuses and fails to consummate this contract within 15 days" after acceptance of title, purchaser may refuse to buy the property. After April 14, defendant requested plaintiff move her possessions from the house so that he could take possession. In this conversation plaintiff told defendant she was going to Florida on a business trip. Plaintiff moved her possessions into the storeroom on May 2, and left for Florida on May 3, and defendant took possession. The title company accepted the title on April 30, and mailed the deed to plaintiff on May 4. She received it upon her return from Florida on May 17, signed it on that date, and mailed it to the title company on May 24. On May 21, defendant requested plaintiff to remove her possessions from the storeroom, which plaintiff did on May 23. On the night of May 23, a storm damaged the roof and some windows of the house; defendant telephoned plaintiff; and plaintiff advised that the house was fully insured. On June 2, defendant notified the title company he was not going to complete the purchase. Although defendant testified the sole reason he failed and refused to consummate his contract was the storm which occurred on May 23, he now asserts the contract not binding because closing was not had within 15 days after May 4. Plaintiff has never refused to consummate the contract and her deed was signed on May 17, and mailed to the title company on May 24. The damage to the house has been repaired, and it is in better condition than before the storm.

In an ordinary contract for the conveyance of real estate time is not of the essence unless the contract clearly so states, or the intent that it shall be, clearly appears from the terms of the contract. Johnson v. Portwood, 89 Tex. 235, 34 S.W. 596; Gala Homes, Inc. v. Fritz, Tex.Civ. App., NRE, 393 S.W.2d 409. We think time was not of the essence in the instant contract; and in any event compliance with time for closing was waived. Puckett v. Hoover, 146 Tex. 1, 202 S.W.2d 209.

Defendant's point 3 is the trial court erred in holding that it would not be inequitable to grant specific performance. Defendant asserts that because the property was damaged by the storm, specific performance of the contract should not be decreed.

The record reflects the property was repaired by plaintiff and her insurance company, and is in better condition than before the storm.

In any event, the rule is that where property contracted to be sold is damaged by fire, storm or other cause, not the fault of either party to the contract, the loss will fall on the party who, at the time, owned the beneficial interest in the property. Defendant at the time of the storm owned the beneficial interest in the property. Paramount Fire Ins. Co. v. Aetna Casualty & Surety Co., 163 Tex. 250, 353 S.W.2d 841; Leeson v. City of Houston, Tex.Com.App., 243 S.W. 485.

All defendant's points are overruled.

Affirmed.