Bean v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-394-CR




PAUL WALTER BEAN, JR.,


 APPELLANT


vs.



 


THE STATE OF TEXAS,


 APPELLEE


 



FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT



NO. CR93-0378-A, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING


 




 A jury found appellant Paul Bean, Jr., guilty of two counts of forgery by execution
of a forged endorsement on a check. Tex. Penal Code Ann. § 32.21 (West 1994). (1) The jury
assessed punishment for count one at confinement for two years and a $500 fine, both probated,
and assessed punishment for count two at confinement for five years and a $500 fine, both
probated. In three points of error, appellant complains that the evidence is legally insufficient to
support the convictions. We will overrule appellant's points of error and affirm the judgment of
the trial court.



BACKGROUND


 On February 9, 1990, Ken Greer, Jr., Donald Bryant, and appellant executed a
written agreement creating the Shell Rose Corporation, a business they formed to develop and sell
the "Bag Ringer," an invention designed to hold open large plastic trash can liners. At the time
of the agreement, the Bag Ringer products were being stored in a warehouse leased to appellant
by Jim Baca, and appellant owed Baca approximately $1,500 in overdue rental payments. On
February 14, 1990, Greer made a check for $500, payable to Jim Baca. On February 15, 1990,
Bryant also made a check for $500, payable to Baca. Both Greer and Bryant gave the checks to
appellant for delivery to Baca as payment due on the warehouse lease. Baca never received either
check. However, he did receive five hundred dollars cash from appellant on February 14. Baca
testified that he never received a second payment from appellant.

 On February 14, Greer's check, endorsed on the back with the names "Jim Baca"
and "Paul Bean," was deposited into a bank account held jointly by appellant and his wife, Debbie
Bean; Bryant's check, similarly endorsed, was deposited into the account on February 15, the
same day it was written. Baca testified that he neither endorsed nor authorized anyone to sign
either check.

 Appellant was indicted on two counts of forgery and one count of felony theft. The
jury found appellant guilty of both counts of forgery but not guilty of theft. Appellant now
contends that the evidence was legally insufficient to support his conviction.



DISCUSSION AND HOLDING


 In his first point of error, appellant contends that the evidence presented at trial was
legally insufficient to prove that appellant was the person who endorsed the two checks with the
name of Jim Baca. (2) No one witnessed appellant endorsing the checks, and the record contains no
proof of his handwriting for means of comparison. 

 The critical inquiry on review of the legal sufficiency of the evidence to support
a criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Fuller v. State, 827 S.W.2d 919, 931 (Tex. Crim. App. 1992);
Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). The standard is the same for
direct and circumstantial evidence cases. Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App.
1991). All conflicts and reasonable inferences are to be resolved in favor of the verdict. Kiser
v. State, 788 S.W.2d 909, 914 (Tex. App.--Dallas 1990, pet. ref'd).

 At trial, Greer testified that on February 14, 1990, he gave appellant a check for
$500 made out to Jim Baca. Bryant testified that on February 15, 1990, he gave appellant a check
for $500 made out to Baca. Baca testified that he neither received nor endorsed either check. The
State introduced into evidence two bank deposit slips indicating the deposit of two checks into the
joint checking account of appellant and his wife. One deposit slip, dated February 14, lists a $500
check from "Greer/Baca." The second slip, dated February 15, lists a $500 check from
"Baca/Bean." The State also introduced appellant's signature card for the subject account at the
First National Bank of Mertzon, bearing signatures of the names of appellant and his wife. 

 Appellant introduced several of his cancelled checks made by appellant and payable
to Baca, purportedly signed by appellant and endorsed by Baca. Furthermore, appellant
introduced into evidence an executed copy of the February 9 contract and agreement forming the
Shell Rose Corporation. Despite the fact that appellant himself introduced these instruments, he
complains that the record is devoid of proof that any of the signatures in evidence purporting to
be his are in fact his. Thus, he argues, the State failed to present proof of his handwriting for
comparison to the alleged forgeries.

 The signatures of Bryant, Greer, and appellant appear at the end of the Shell Rose
contract, after the sentence, "Witness our hands the day and date first above written." Bryant,
Greer, and appellant acknowledged the contract before a notary public of the state of Texas on
February 15, 1990. The acknowledged document was admissible self-authenticated evidence. 
Tex. R. Crim. Evid. 902(8).

 By law, "acknowledged" means that the person named in the instrument personally
appeared before the authorized officer and personally acknowledged to the officer that he had
signed the instrument. The term "acknowledged" connotes personal appearance. Tex. Civ. Prac.
& Rem. Code Ann. § 121.006(b)(1) (West 1986). The officer cannot take an acknowledgment
without proof that the person acknowledging the document is the same person who signed the
document and is described in it. Id. § 121.005(a); Punchard v. Masterson, 101 S.W. 204, 205
(Tex. 1907); Onwuteaka v. Cohen, 846 S.W.2d 889, 894 (Tex. App.--Houston [1st Dist.] 1993,
writ denied). Thus, the acknowledgment constitutes prima facie evidence that appellant signed
the agreement and that the signature on the contract is his. See Mack Fin. Corp. v. Decker, 461
S.W.2d 228, 230 (Tex. Civ. App.--Dallas 1970, no writ); Pate v. Ponca Wholesale Mercantile
Co., 386 S.W.2d 827, 829-30 (Tex. Civ. App.--Amarillo 1965, writ ref'd n.r.e.); Thane v. Dallas
Joint Stock Land Bank, 129 S.W.2d 795, 799 (Tex. Civ. App.--Amarillo 1939, no writ).

 Appellant claims that the jury could not reach the conclusion that appellant forged
Baca's endorsement without testimony from someone who actually saw appellant endorse the
checks or from a handwriting expert. However, jury members can make their own handwriting
comparisons from the evidence. "It is competent to give evidence of handwriting by comparison,
made by experts or by the jury. Proof by comparison only shall not be sufficient to establish the
handwriting of a witness who denies his signature under oath." Tex. Code Crim. Proc. Ann. art.
38.27 (West 1979). Appellant's signature on the notarized Shell Rose contract served as a
standard of comparison to the signatures on the back of both checks. As appellant never denied
under oath that he endorsed the signatures "Jim Baca" and "Paul Bean" on the back of Greer's and
Bryant's checks, proof by comparison was sufficient to establish the handwriting of appellant. (3) 
Appellant did not invoke the provision of article 38.27, and the State was under no obligation to
present other evidence tending to connect the defendant to the endorsements. See Camacho v.
State, 765 S.W.2d 431, 434 (Tex. Crim. App. 1989); see also Bird v. State, 225 S.W. 749, 750
(Tex. Crim. App. 1920). Viewing the allowable signature comparison and the other
circumstantial evidence presented at trial in the light most favorable to the verdict, we conclude
there was sufficient evidence for a rational trier of fact to find that appellant signed Jim Baca's
name to the back of Greer's and Bryant's checks. Appellant's first point of error is overruled.

 In his second and third points of error, appellant contends that the evidence was
insufficient to prove that appellant acted with intent to defraud or harm another, a necessary
element of forgery. See Tex. Penal Code Ann. § 32.21(b) (West 1994). The intent to defraud
or harm requires proof of knowledge that the instrument is forged and may be established by
circumstantial evidence. Williams v. State, 688 S.W.2d 486, 488 (Tex. Crim. App. 1985);
Wallace v. State, 813 S.W.2d 748, 751 (Tex. App.--Houston [1st Dist.] 1991, no pet.). As
sufficient evidence existed in the instant cause for the jury to find that appellant forged Baca's
signature, it follows that sufficient evidence also existed to show that appellant had knowledge of
the forgery.

 Other evidence also indicates appellant's intent to defraud. The deposit slip
indicating the deposit of the "Greer/Baca" check into the joint account showed a cash deduction
of $20. The deposit slip for the "Bryant/Baca" check showed a cash deduction of $50. A rational
trier of fact could find that appellant intended to harm and defraud Greer and Bryant by converting
commercial paper into cash for the appellant's personal use, contrary to Greer's and Bryant's
wishes for appellant to deliver the checks to Baca and notwithstanding appellant's tender of $500
in cash to Baca on February 14, 1990. (4) In any event, a rational trier of fact could have viewed
this payment to Baca as part of appellant's scheme to cover the harm appellant had inflicted upon
Greer and Bryant by depositing their checks, with cash back, into appellant's personal account. 
Viewing the evidence in the light most favorable to the verdict, we conclude there was sufficient
evidence for a rational trier of fact to find that appellant intended to harm or defraud another. 
Appellant's second and third points of error are overruled.

 Having overruled all of appellant's points of error, we affirm the trial court's
judgment.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: November 2, 1994

Do Not Publish

1.   This offense took place before September 1, 1994, and is governed by the law in
effect at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.18,
1993 Tex. Gen. Laws 3586, 3705. Because the code amendments effective September 1,
1994, have no substantive effect on this offense, the current code is cited for the sake of
convenience.
2.   Section 32.21 of the Texas Penal Code states in part:


(a) For purposes of this section:


 (1) "Forge" means:


 (A) to alter, make, complete, execute, or authenticate any writing so
that it purports:


 (i) to be the act of another who did not authorize that act . . . .


(b) A person commits an offense if he forges a writing with intent to defraud
or harm another.


Tex. Penal Code Ann. § 32.21 (West 1994).
3.   Appellant did not testify at trial, nor did he submit a sworn affidavit denying the
handwriting to be his.
4.   Arguably, although the record is unclear, apparently the three partners each were
obligated to pay Baca $500, that being one-third of the past due rent of $1500.